UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANDREW W. HAYES, ADMINISTRATOR, RALPH K. HAYES )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>INVIGORATE INTERNATIONAL, INC., )<br>CABOT INDUSTRIES, LLC., )<br>PARAMOUNT HEALTH AND FITNESS, )<br>INC., JBN ENTERPRISES, INC. and )<br>JNG SPORTS SUPPLEMENT )<br>DISTRIBUTORS, INC. )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>3:00 - CV - 1504 (AWT)<br><br><br><br><br><br><br><br>October 22, 2003 |

## MOTION TO JOIN PARTY DEFENDANT

Pursuant to Rule 20 of the Federal Rules of Civil Procedure, the Plaintiff in the above-captioned matter hereby moves this Court to join **Just Natural Growth Sports Supplement Distributors, Inc. (hereinafter "Just Natural Growth") and American Fitness Beverage Wholesalers Ltd. (hereinafter "AFB")** as party defendants to this action. The Plaintiff notes that this is a "permissive joinder" under Rule 20 and not a "discretionary joinder" under Rule 19. The reasons for this motion are as follows:

The subject matter is a wrongful death product liability action pursuant to the Connecticut Product Liability Act. The Plaintiff has brought suit against five parties thus far. Defendant Invigorate International is the manufacturer of the product. Defendant Cabot

Industries is the distributor of the product and is the alter ego of proposed defendant AFB. Defendant Paramount Health and Fitness, Inc. is the seller of the product. Defendant JNG Sports Supplement Distributors Inc (hereinafter "JNG") is a distributor of the product. Defendant JBN Enterprises, Inc. purchased Defendant JNG, and thereafter transferred assets and liabilities to a newly formed company, the proposed Defendant, Just Natural Growth Sports Supplement Distributors, Inc. a Pennsylvania corporation. The Defendant JBN Enterprises recently disclosed in discovery that it purchased JNG. Through depositions the Plaintiff has discovered that the purchase involved an assumption of liability.

Therefore, upon best information and belief, the history of this product is as follows.

1. Defendant Invigorate International manufactured the product.

2. Defendant Cabot Industries purchased the product from Invigorate and distributed the product to JNG Sports Supplements. Proposed Defendant, AFB, is substantially owned and operated by the same owners of Cabot Industries, and Cabot operates as the alter ego of AFB.

3. JNG Sports Supplements thereafter distributed the product to the retailer, Paramount Health and Fitness in Pennsylvania.

4. Defendant JBN Enterprises purchased JNG Sports Supplements and the nature of the transaction demonstrates that it is therefore liable for the liabilities of JNG Sports Supplements.

5.    Defendant JBN Enterprises also transferred assets and liabilities of JNG to a new company, the proposed defendant, Just Natural Growth Sports Supplements, Inc.

Just Natural Growth is a necessary defendant to this action because it was formed to accept the assets and liabilities of JNG, a distributor of the subject product. AFB is a necessary defendant to this action because it is the alter ego of Defendant, Cabot Industries, a distributor of the subject product. Under the Connecticut Product Liability Act, a seller or distributor of a product is liable in the same manner as the manufacturer of the product. See. C.G.S. §52-572m.

Upon best information and belief, the individual named in the complaint, Kevin Gibbs, provided the subject product to the deceased, which product was purchased by Mr. Gibbs at Paramount's store in Berwick, PA.

The Plaintiff further seeks to join Just Natural Growth and AFB as Defendants so as to do complete justice. This is a wrongful death case, and the Plaintiff has not been able to verify either the financial ability of the other Defendants or the availability of insurance coverage.

For the foregoing reasons, the Plaintiff respectfully requests that this motion be granted and Just Natural Growth Sports Supplement Distributors, Inc. and American Fitness Beverage Wholesalers, Ltd. be made party defendants to the present action. Because this is a "permissive joinder" under Rule 20 of the Federal Rules of Civil Procedure, the Plaintiff files herewith an Amended Complaint and Summons.

Respectfully submitted,

THE PLAINTIFFS

By: /s/ Ralph J. Monaco

Ralph J. Monaco, Esq.
Bar No. CT-13306
Of Conway & Londregan, P.C.
38 Huntington St., P.O. Box 1351
New London, CT 06320-1351
860-447-3171 / FAX 860-444-6103
Their Attorneys

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following on this 21st day of October, 2003:

David Ng, Esq.
Karllson & Ng
305 Broadway, Suite 3101
New York, NY 10007
Attorney for Murray Wichard

Brett J. Riegel, Esq.
Amori & Riegel, LLC
717 Sarah Street
Stroudsburg, PA 18360
Attorney for JNG Sports Supp.

Rocco Conte, Esq.
O'Connor, McGuinness, et al.
One Barker Avenue, Suite 675
White Plains, NY 10601-1517
Attorneys for Defendant, Cabot Industries, LLC

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
Attorneys for Defendant, Paramount Health and Fitness, Inc.

Leonard N. Zito, Esq.
Zito, Martino and Karasek
641 Market Street
Bangor, Northhampton County, PA 18013
Attorneys for Defendant, JBN Enterprises, Inc.

C. Thosmas Furniss, Esq.
Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106
Attorney for Lester Caesar and Marie Berringer (non-parties)

Ralph J. Monaco, Esq.