UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANDREW W. HAYES, ADMINISTRATOR, RALPH K. HAYES )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>INVIGORATE INTERNATIONAL, ET AL. )<br>)<br>Defendants. | CIVIL ACTION NO.<br>3:00 - CV - 1504 (AWT)<br><br><br><br><br>October 23, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1404 (a)**

**INTRODUCTION**

The subject action is a wrongful death, product liability claim that was initiated in the United States District Court for the District of Connecticut on or about August 7, 2000. In the subject lawsuit, the Plaintiff claims that the descendent, Andrew Hayes, died as a result of using a product known as "Invigorate".

The Defendants to this action are as follows: 1. Invigorate International, Inc., which was the manufacturer of the product. 2. Cabot Industries, LLC, which was an intermediate distributor of the product. 3. American Fitness Beverage Wholesalers, Ltd. which is the proposed Defendant and the alter-ego of Cabot Industries, LLC. 4. JNG Sports Supplement Distributors, Inc.(hereinafter "JNG"), which was the distributor of the product. 5. JBN Enterprises, Inc., which was the successor to JNG Sports Supplement Distributors, Inc. 6.

Just Natural Growth Sports Supplement Distributors, Inc., which is the successor to JBN Enterprises, Inc. 7. Paramount Health and Fitness, Inc., which was the retail chain.

All of these Defendants, with the exception of Invigorate International, Inc., Cabot Industries, LLC and American Fitness Beverage Wholesalers, Ltd. are Pennsylvania corporations. Invigorate International, Inc., Cabot Industries, LLC and American Fitness Beverage Wholesalers, Ltd. are New York Corporations and are subject to jurisdiction in the Commonwealth of Pennsylvania by virtue of doing business and shipping this product for sale in the Commonwealth of Pennsylvania.

Upon best information and belief, this product was manufactured by Invigorate International, Inc. in New York, bought by Cabot Industries, LLC in West Babylon, New York, then sold to JNG Sports Supplement Distributors, Inc. in Pennsylvania, which then sold the product to the retailer, Paramount Health and Fitness.

### ARGUMENT

28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section 1404(a) " reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." **VanDusen v. Barrack**, 376 U.S. 612, 616 (1964). The purpose of §1404 (a) " is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Id. Accordingly, " Motions for Transfer lie within the broad

discretion of the District Court and are determined upon notions of convenience and fairness on a case by case basis." **United States Surgical Corp. v Imagyn Medical Technologies, Inc.**, 25 F.Supp.2nd 40, 46 *(D.Conn. 1998)*.

When considering whether to transfer an action under §1404(a), the Court must determine: 1. Whether the action might have been brought in the proposed transferring district; and 2. Whether a transfer to that district is appropriate considering the convenience of the parties and witnesses and the interest of justice. **Joslyn v. Armstrong**, 201 WL 1464780 @*2 (D. Conn 2001.)

### I. THIS ACTION COULD HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF PENNSYLVANIA

This action involves a lawsuit by a Connecticut estate and several Defendants all of whom are either New York or Pennsylvania corporate entities. The New York defendants shipped the subject product to Pennsylvania and have done business in Pennsylvania, as such, jurisdiction is appropriate under 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

### II. THE BALANCE OF FACTORS FAVORS TRANSFER TO PENNSYLVANIA

The issue in this motion is whether the Plaintiff should file a separate action in Pennsylvania against Paramount Health and Fitness, Inc., the claims against which have been dismissed by this Court on or about September 23, 2003 based upon a lack of personal

jurisdiction. When adjudicating a transfer motion, the Court may consider a number of factors based on the totality of the circumstances, including: (a) the locus of operative facts; (b) the convenience of the witnesses; (c) the convenience of the parties; (d) the location of relevant documents and the relative ease of access to the sources of proof; (e) the availability of process to compel attendance of unwilling witnesses; (f) the relative means of the parties; (g) a forum's familiarity with the governing law; (h) the weight afforded to the Plaintiff's choice of forum; and (i) trial efficiency in the interests of justice. **United States Surgical Corp. v Imagyn Medical Technologies, Inc.**, 25 F.Supp. 2nd 46. As will be discussed below, in view of the fact that the Plaintiff will be required to file a separate action in Pennsylvania in addition to prosecuting the subject action in Connecticut, these factors weigh strongly in favor of a transfer.

### A. PENNSYLVANIA IS THE LOCUS OF SUBSTANTIAL OPERATIVE FACTS.

The subject product was distributed and sold in Pennsylvania. The purchaser of the product, one Kevin Gibbs, who resided in the Commonwealth of Pennsylvania at the time of the purchase and bought the product in Pennsylvania. In addition, the majority of the Defendants are corporate entities in Pennsylvania. These factors support a transfer of the action to Pennsylvania.

**B.     PENNSYLVANIA IS NOW A MORE CONVENIENT FORUM SINCE IF THE MATTER IS NOT TRANSFERRED TO PENNSYLVANIA, INCONVENIENCE WILL RESULT BY THE PROSECUTION OF TWO ACTIONS.**

Pennsylvania is now a more convenient forum since several of the Defendants reside in Pennsylvania and the Plaintiff will have to prosecute at least one of its cases in Pennsylvania. Given the emotional nature of this case being a wrongful death action to a twenty year-old, the parents of the descendent would prefer minimizing the number of actions in which this matter is litigated.

**C.     PENNSYLVANIA IS NOW A MORE CONVENIENT FORUM SINCE IF THE MATTER IS NOT TRANSFERRED TO PENNSYLVANIA, INCONVENIENCE OF THE PARTIES.**

Four of the several Defendants are Pennsylvania corporations. Based on this court's ruling on the Motion to Dismiss, at least one action must be prosecuted in Pennsylvania. It would be inconvenient to the parties and witnesses to litigate this case in two separate forums.

**D.     PENNSYLVANIA IS THE LOCATION OF RELEVANT DOCUMENTS AND OTHER SOURCES OF PROOF.**

In view of the fact that a majority of the Defendants are Pennsylvania residents, the parties will be able to ascertain documents and have ease of access to sources of proof that are located in Pennsylvania. With regard to the New York Defendants, the same obstacles that existed for this case at it was pending in Connecticut will exist in Pennsylvania. Therefore, this factor does not militate in favor of the case remaining in Connecticut. Although Plaintiff's expert and fact witnesses will now have to travel to Pennsylvania, they would have had to do so anyway if the claim against Paramount is pending in Pennsylvania

### E. THE AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE OF UNWILLING WITNESSES.

If this case is transferred to Pennsylvania, the parties will be able to compel the attendance of Pennsylvania witnesses. In addition, with regard to the New York witnesses, the parties are confronted with the same procedural obstacles whether the case is pending in Pennsylvania or Connecticut. With respect to Connecticut witnesses, the Plaintiff is willing to waive any claims of inconvenience in producing fact witnesses and expert witnesses who reside in Connecticut.

### F. THE RELEVANT MEANS OF THE PARTIES MILITATES IN FAVOR OF TRANSFER TO PENNSYLVANIA.

The Plaintiff is an individual and the administrator of a modest estate. It would be more expensive to litigate this matter in two (2) forums. Therefore, there is a significant cost savings by litigating this case in one (1) forum.

### G. PENNSYLVANIA'S FAMILIARITY WITH THE GOVERNING LAW.

Although it is unclear whether the governing law will be the law of Connecticut or Pennsylvania, the federal courts in both states are capable of applying the applicable product liability law. The Eastern District Court in Pennsylvania is capable of applying Connecticut product liability law if it is called upon to do so.

### H. THE PLAINTIFF WAIVES ANY WEIGHT TO BE AFFORDED BY VIRTUE OF A CHOICE OF FORUM.

In view of the fact that the Plaintiff will have to litigate two (2) cases if this case is not transferred to Pennsylvania, the Plaintiff is willing to waive any weight afforded to the Plaintiff's choice of forum.

### I. TRIAL EFFICIENCY IN THE INTEREST OF JUSTICE ARE BEST SERVED BY TRANSFERRING THIS CASE TO PENNSYLVANIA

For the reasons that have been discussed in detail in this Memorandum of Law, the interest of justice will be served by litigating this case in one (1) forum and at one (1) time. Two (2) separate trials do not serve the interests of justice because there is a risk of different pretrial and trial rulings by the respective trial judges.

### CONCLUSION

In view of the fact that the District of Connecticut does not have subject matter jurisdiction over Paramount Health and Fitness, Inc., and that the Plaintiff will have to bring a separate action in Pennsylvania against Paramount Health and Fitness, Inc., the interests of justice are best served by transferring this entire action to the Eastern District of Pennsylvania in Scranton, the location closest to the business premises of the Pennsylvania defendants and the site of the original sale of this product.

Respectfully submitted,
THE PLAINTIFF

By: _____
Ralph J. Monaco, Esq.
Bar No. CT-13306
Of Conway & Londregan, P.C.
38 Huntington St., P.O. Box 1351
New London, CT 06320-1351
860-447-3171 / FAX 860-444-6103
His Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following on this 23rd day of October, 2003:

David Ng, Esq.
Karlsson & Ng
305 Broadway, Suite 3101
New York, NY 10007
Attorney for Murray Wichard

Brett J. Riegel, Esq.
Amori & Riegel, LLC
717 Sarah Street
Stroudsburg, PA 18360
Attorney for JNG Sports Supp.

Rocco Conte, Esq.
O'Connor, McGuinness, et al.
One Barker Avenue, Suite 675
White Plains, NY 10601-1517
Attorneys for Defendant, Cabot Industries, LLC

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
Attorneys for Defendant, Paramount Health and Fitness, Inc.

Leonard N. Zito, Esq.
Zito, Martino and Karasek
641 Market Street
Bangor, Northhampton County, PA 18013
Attorneys for Defendant, JBN Enterprises, Inc.

C. Thomas Furniss, Esq.
Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106
Attorney for Lester Caesar and Marie Berringer (non-parties)

_____
Ralph J. Monaco
Commissioner of the Superior Court