FILED

2003 DEC -5  P 2: 12

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH K. HAYES, ADMR. | : | CIVIL ACTION |
| V. | : | NO. 3:00 CV 1504 (AWT) |
| INVIGORATE INTERNATIONAL, INC.:<br>ET AL. | : | DECEMBER 5, 2003 |

### OBJECTION OF AMERICAN FITNESS BEVERAGE WHOLESALERS, LTD. TO MOTION TO ADD PARTY DEFENDANT WITH REFERENCES AND AUTHORITIES

Pursuant to Rule 15 of the Fed.R.Civ.P., American Fitness Beverage Wholesalers Ltd. ("AFB"), acting herein by its undersigned counsel, hereby objects to the granting as to itself of the Plaintiff's Motion to Join Party Defendant, dated October 22, 2003, and his accompanying Amended Complaint. AFB respectfully submits that the plaintiff's proposed amendment and addition of AFB as a party should not be permitted as it would be a futile amendment. In addition, the Motion to Join and the proposed Fourth Amended Complaint do not meet the requirements for amendments set forth in Fed.R.Civ.P. 15(c).

**ORAL ARGUMENT REQUESTED/
NO TESTIMONY REQUIRED**

Specifically, the proposed amendment and addition of AFB as a party is futile because the statute of limitations has passed on the plaintiff's claim. In addition, the plaintiff's proposed amendment fails as a matter of law and fact to state a claim upon which relief can be granted. Moreover, AFB is not a "product seller" within the meaning of the Connecticut Product Liability Act.

In addition, the claim set forth in the proposed amended pleading: (1) does not arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, as it involves entirely new claims regarding an alleged relationship between AFB and Cabot Industries, L.L.C; and (2) plaintiff's failure to name AFB in his original complaint was not the result of a mistake, and AFB had no reason to know that a claim might be brought against it under the circumstances presented here absent some mistake in identity.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was commenced by way of Writ, Summons and Complaint issued on August 9, 2000. Named as defendants in said

2

Complaint were Invigorate International, Inc. and Cabot Industries, L.L.C.   Therein, plaintiff purports to bring a wrongful death claim pursuant to C.G.S. § 52-555, under the Connecticut Products Liability Act C.G.S. § 52-572m, et seq., against the defendants identified therein.   The claim is that plaintiff's decedent died on or about April 4, 1999, after allegedly ingesting a substance known as "Invigorate" while drinking at a bar.

Subsequent to filing his original Complaint, the plaintiff filed an amended complaint on May 4, 2001, adding the defendant Paramount Health to the action.   A further amended complaint was thereafter filed on April 2, 2002, adding the defendant JBN Enterprises, Inc. to the action.   A Third Amended Complaint was thereafter filed on July 30, 2002, adding JNG Sports as a defendant in the action.

Now plaintiff, by way of Motion for Joinder and a proposed Amended Complaint, dated October 22, 2003, seeks to add Just Natural Growth Sports Supplement Distributors, Inc. and AFB as defendants in this action.   The case has been pending for more

3

than three years.  The proposed amendment to the pleadings, and
the proposed addition of AFB as a defendant, comes four years
after the plaintiff's decedent's date of death.  AFB
respectfully submits that the plaintiff should not be permitted
to add it as a defendant in this action, nor to amend his
pleading as proposed, as such would be futile.  The plaintiff's
claim is barred by the statute of limitations set forth in
C.G.S. § 52-577(a).  Moreover, AFB is not a "product seller"
within the meaning of the Connecticut Products Liability Act.
Finally, plaintiff's proposed amendment and addition of AFB does
not meet the requirements set forth in Rule 15(c).

## ARGUMENT

Once a responsive pleading has been served, "a party may
amend the party's pleading only by leave of court or by written
consent of the adverse party; and leave shall be freely given
when justice so requires."  Fed.R.Civ.P. 15(a).  However, in
ruling on a motion to amend, the court's discretion to grant
leave to amend is limited where there is "undue delay, bad faith
or dilatory motive on the part of the movant," and "undue

**O'KEEFE, PHELAN & JACKSON**  •  *ATTORNEYS AND COUNSELLORS AT LAW*
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

prejudice to the opposing party …, [and] futility of amendment." Hume v. The Hertz Corp., 628 F.Supp 763 (D.Conn 1986), *quoting* Foman v. Davis, 371 U.S. 178, 182 (1962). A district court may properly deny leave when amendment would be futile. Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45 (2d. Cir. 1999).

A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See* A.V. by Versace, Inc. v. Gianni Versace, 160 F.Supp.2d 657, 666 (S.D.N.Y.). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." Randolph-Rand Corp. of New York v. Tidy Handbags, Inc., No. 96-1829, 2001 WL 1286989, at *5, 2001 U.S.Dist. LEXIS 17625, at *15 (S.D.N.Y. Oct. 24, 2001)(quoting Jones, 166 F.3d at 55).

A proposed amendment to add defendants may be considered futile if "(1) the claim it seeks to assert is barred by the applicable statute of limitations, and (2) the claim does not

O'KEEFE, PHELAN & JACKSON  •  *ATTORNEYS AND COUNSELLORS AT LAW*
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

relate back to the date of an earlier timely pleading."

<u>Pastorello v. City of New York</u>, No. 95-470, 2001 WL 1543808, at

*4, 2001 U.S.Dist. LEXIS 19919, at *10 (S.D.N.Y. Nov. 30,

2001)(citing <u>Mackensworth v. S.S. American Merchant</u>, 28 F.3d

246, 251-52 (2d Cir. 1994).

AFB respectfully submits that plaintiff's attempt to add it

as a party defendant and to amend his pleading, is futile and

should be denied because the action as to AFB is beyond the

applicable statute of limitations and the defendant is not a

"product seller" within the meaning of the Act.  Moreover, the

proposed amendment does not relate back to the original

pleading.

A.    **Plaintiff's Proposed Amendment is Futile**.

Plaintiff's proposed Fourth Amended Complaint, dated

October 22, 2003, affirmatively alleges that Ralph K. Hayes,

Administrator of the Estate of Andrew W. Hayes, "acting in such

capacity, brings this action for the death of his son, Andrew W.

Hayes, pursuant to C.G.S. § 52-555.  Count One, ¶ 2.

6

Connecticut General Statutes § 52-555, the Connecticut wrongful death statute, provides that "no action [for alleged injuries resulting in death] shall be brought … but within two years from the date of death…."  There is no question but that two years from the date of plaintiff's decedent's death was April 4, 2001, well before the present motion by which the plaintiff now seeks permission to institute suit against AFB. Plaintiff's action, therefore, is beyond the statute of limitations set forth in C.G.S. § 52-555.

Plaintiff's proposed Fourth Amended Complaint is also purportedly brought pursuant to the Connecticut Products Liability Act, set forth in C.G.S. § 52-572m, et seq.  With respect to that Act, the legislature has enacted a statute of limitations which is set forth at C.G.S. § 52-577a(a).  This statute provides that:

> "No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered ….

O'KEEFE, PHELAN & JACKSON  •  ATTORNEYS AND COUNSELLORS AT LAW
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

Thus, product liability actions in Connecticut are generally subject to a three-year limitations period. Sharp v. Wyatt, Inc., 31 Conn.App. 824 (1993), *cert. granted in part* 228 Conn. 904 (1993), *judgment affirmed* 230 Conn. 12 (1994); West Haven School District v. Owens-Corning, 721 F.Supp. 1547 (1988). Subsection (g) of the Act provides that the provisions of the statute "shall apply to all product liability claims brought on or after October 1, 1979."

The present action, and the instant motion, were brought well after October 1, 1979, so that the statute of limitations set forth in this section is applicable. AFB respectfully submits that three years from the date of the plaintiff's decedent's death was April 4, 2002, well before the present motion by which the plaintiff now seeks permission to institute suit against AFB. Thus, the plaintiff has failed to commence suit within the applicable statute of limitations set forth in C.G.S. § 52-577a(a).

Plaintiff's proposed amendment is also futile, since the allegations which he seeks to add are factually inadequate to

O'KEEFE, PHELAN & JACKSON • ATTORNEYS AND COUNSELLORS AT LAW
36 RUSS STREET • HARTFORD, CT. 06106-1571 • (860) 278-4040 • JURIS NO. 44174

sustain the claim presented.   Contrary to plaintiff's

assertions, AFB respectfully submits that it is a separate and

distinct legal entity from Cabot Industries, L.L.C. and that

there is no basis for piercing the corporate veil which, in

effect, is what plaintiff seeks by way of his Motion and

proposed Fourth Amended Complaint, to do.

"Courts will ... disregard the fiction of a separate legal

entity to pierce the shield of immunity afforded by the

corporate structure in a situation in which the corporate entity

has been so controlled and dominated that justice requires

liability to be imposed on the real actor." Angelo Tomasso,

Inc. v. Armor Construction & Paving, 187 Conn. 544, 552 (1982),

quoting Zaist v. Olson, 154 Conn. 563 (1967).   The Court in

Angelo Tomasso, Inc., supra, recognized that ordinarily, the

corporate veil is pierced only under exceptional circumstances,

for example, where the corporation is a mere shell, serving no

legitimate purpose, and used primarily as an intermediary to

perpetrate fraud or promote injustice.   Id. at p. 557.

O'KEEFE, PHELAN & JACKSON  •  ATTORNEYS AND COUNSELLORS AT LAW
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

When determining whether piercing the corporate veil is proper, the Connecticut Supreme Court has endorsed two tests: the instrumentality test and the identity test.  The instrumentality rule requires proof of three elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of....

KLM Industries, Inc. v. Tylutki, 75 Conn.App. 27, 32 (2003), cert. denied 263 Conn. 916 (2003).  The plaintiff makes no claim or allegation in the instant matter that AFB completely dominated Cabot Industries, that it did so in order to commit any fraud or wrong of any kind, or that any such alleged domination was the cause of the loss about which plaintiff complains.  There is nothing in the Motion or the proposed Fourth Amended Complaint which in any way implicates the

O'KEEFE, PHELAN & JACKSON  •  ATTORNEYS AND COUNSELLORS AT LAW
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

instrumentality rule with respect to piercing the corporate veil.

With regard to the identify rule, the Connecticut Supreme Court has described it as follows:

> "If a plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identify would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise."

Id. at p. 32-33.  The identity rule primarily applies to prevent injustice in the situation where two corporate entities are, in reality, controlled as one enterprise.  Zaist, supra.

The fundamental rule is that the separateness of parent and subsidiary will be observed and respected in the absence of such factors as, for example, intermingling of transactions, employees and records, failure to observe corporate formalities, inadequate financing of the subsidiary, holding the two corporations out to the public as non-separate enterprises or

11

direction of the subsidiary's corporate policies in the interest of the parent.  <u>Mason v. Burkett</u>, 756 F.Supp. 679, 683 (1991).

AFB respectfully submits that the plaintiff fails to allege facts sufficient to state a claim against AFB pursuant to an "alter ego" theory, particularly where the only evidence contradicts plaintiff's allegations.  In his proposed Fourth Amended Complaint, plaintiff alleges for the first time that AFB "is substantially owned and operated by the same owners of Cabot Industries, and Cabot operates as the alter ego of AFB."  *See*, proposed Fourth Amended Complaint, ¶ 4.  He further alleges that Cabot is AFB's "alter ego … by virtue of its common ownership, intermingling of assets and liabilities, and overlap of business."  *See*, proposed Fourth Amended Complaint, ¶ 4.

While the same two individuals were officers or members in both corporations, that fact alone is not enough to justify piercing the corporate veil.  In <u>Zaist</u>, *supra*, which involved an individual defendant who was an officer in both defendant corporations, the Court stated "it is not the fact that he held these positions which is controlling but rather the manner in

12

which he utilized them." Id. at p. 557-8.   In the case at bar, there is no indication that Mr. Codomo or Mr. Saper utilized their position in Cabot for the benefit of AFB.

There is no claim and no evidence that there was any intermingling of funds or accounts.   Neither is there any evidence that the two companies intermingled assets or liabilities.   Rather, the evidence is that Cabot adhered to corporate formalities during its short existence.

Cabot Industries, L.L.C. was formed in approximately January 1999 and corporate documents were prepared by Attorney William DiCandido, a New York lawyer.   Depo. of James Codomo, 6/11/03, p. 7, 9.   Cabot was in operation for only about five or six months, or until approximately May or June 1999.   Id. at p. 8.   Cabot maintained separate business records, amounting primarily to invoices related to product distribution.   It filed its own federal and state income tax returns.   Id. at p. 9-10. It maintained its own bank account, Id. at p. 60.   The evidence is that Cabot Industries entered into its own agreements and contracts with its sole supplier.   Id.

O'KEEFE, PHELAN & JACKSON • ATTORNEYS AND COUNSELLORS AT LAW
36 RUSS STREET • HARTFORD, CT. 06106-1571 • (860) 278-4040 • JURIS NO. 44174

Contrary to plaintiff's claim that the two companies had an "overlap in business," the evidence is that Cabot was engaged in a business separate and distinct from that of AFB. According to Mr. Codomo, AFB distributed between eight and twelve different products in a limited geographic area. Id. at p. 14, 15. In contrast, Cabot distributed only one product and did so in a completely separate geographic area. Id. at p. 15, 27. Moreover, the businesses in which the two companies engaged were separate and distinct. AFB distributed only to retailers, health food stores and gyms. Id. at p. 14. In contrast, Cabot distributed only to other distributors. Id.

Mr. Codomo was clear that AFB had no relationship with Cabot Industries, L.L.C. Id. at p. 13. He was also clear that AFB did not distribute the product which plaintiff's decedent claims to have consumed.[1] Id. at p. 14.

---

[1] Plaintiff alleges that the product involved in this lawsuit was purchased in Pennsylvania and transported to Connecticut, where it was ultimately consumed by the plaintiff's decedent. Mr. Codomo's unequivocal testimony is that, assuming the product was purchased in Pennsylvania, AFB simply did not distribute it. Tr. at p. 14. Thus, there is no factual basis on which to

**O'KEEFE, PHELAN & JACKSON** • *ATTORNEYS AND COUNSELLORS AT LAW*
36 RUSS STREET • HARTFORD, CT. 06106-1571 • (860) 278-4040 • JURIS NO. 44174

In light of the foregoing, AFB respectfully submits that there is no basis for piercing the corporate veil under the circumstances presented here. The evidence is that AFB and Cabot Industries, L.L.C. were separate and distinct corporate entities engaged in a separate and distinct business.

AFB respectfully submits that the plaintiff's proposed amendment is futile, as the statute of limitations for product liability claims has long since passed, the factual basis for the proposed amendment are insufficient to sustain the new claim presented, and AFB is not a "product seller" within the meaning of the Act.

B.   **Plaintiff's Proposed Amendment does not satisfy the requirements set forth in Rule 15(c)**.

Rule 15(c) of the Federal Rules of Civil Procedure provides the framework for analyzing amendments which seek to add new defendants to an already-existing case beyond the statute of limitations. The Rule provides that:

---

predicate any finding that AFB was a "product seller" within the meaning of the Connecticut Product Liability Act, a finding that is necessary to establish liability under the Act.

O'KEEFE, PHELAN & JACKSON  •  *ATTORNEYS AND COUNSELLORS AT LAW*
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, "the relation back provision in Rule 15 looks to whether a 'mistake' excuses the party's failure to name the proposed defendants in the first instance." Mosley v. Jablonsky, 209 F.R.D. 48, 51 (E.D.N.Y. 2002). A plaintiff is not considered to have made a "mistake" if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity. Johnson v. Stinson, No. 01-0117, 28 Fed.Appx. 71, 72, 2002 U.S. App. LEXIS 1462, at *3 (2d Cir. Jan. 25, 2002).

16

In <u>Olumuyiwa v. Harvard Protection Services, Inc.</u>, 2000 WL 620202 (E.D.N.Y.), the court granted defendant's motion to dismiss the plaintiff's claims of employment discrimination brought by way of amended pleading against two defendants not named in the original complaint.  Plaintiff's original complaint named only the security company by which he had been employed.  By way of amendment, he brought claims against the owner and/or manager of the properties at which his former employer provided security.

Plaintiff argued that his failure to name the two entities in the original pleading resulted from his "lack of knowledge of their involvement in the discriminatory acts against him."  Id. at p. *3.  He claimed that it was "only through the discovery process … that he learned of their role." <u>Id.</u>  The court rejected the argument, finding that this failure was not a "mistake" within the meaning of the rule.  *See also*, <u>Hampton Bays Connections, Inc. v. Duffy, et al.</u>, 212 F.R.D. 119 (E.D.N.Y. 2003).

O'KEEFE, PHELAN & JACKSON  •  *ATTORNEYS AND COUNSELLORS AT LAW*
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

AFB respectfully submits that the plaintiff's proposed Fourth Amended Complaint and Motion to Join fail to satisfy the requirements of Rule 15(c), for the following reasons:    (1) the allegations contained in the proposed amendment involve proof of facts not contained in the original complaint and which in no way involve the conduct, transaction or occurrence alleged therein; (2) AFB had no way of knowing that a claim might be made against it relative to the alleged incident, since the evidence in the record is uncontroverted that AFB did not, and in fact could not, have distributed the product which plaintiff claims caused decedent's death.  Finally, the plaintiff's failure to name AFB in the original action was not the result of a "mistake" within the meaning of Rule 15(c).

In his proposed Fourth Amended Complaint, plaintiff alleges for the first time that AFB "is substantially owned and operated by the same owners of Cabot Industries, and Cabot operates as the alter ego of AFB."  *See*, proposed Fourth Amended Complaint, ¶ 4.  He further alleges that Cabot is AFB's "alter ego … by virtue of its common ownership, intermingling of assets and

O'KEEFE, PHELAN & JACKSON  •  ATTORNEYS AND COUNSELLORS AT LAW
36 RUSS STREET  •  HARTFORD, CT. 06106-1571  •  (860) 278-4040  •  JURIS NO. 44174

liabilities, and overlap of business." *See*, proposed Fourth Amended Complaint, ¶ 4. AFB respectfully submits that these allegations are unrelated in any way to the claims presented in the plaintiff's original complaint and would involve proof of facts not contemplated in any way by the factual claim set forth in the original Complaint, which is brought under the product liability act. The new proposed allegations do not involve the same transaction, occurrence or conduct as required by Rule 15(c).

AFB further submits that it had no reason to know that, but for plaintiff's "mistake," the claim against Cabot "would have been brought against" it, as required by Rule 15(c)(3)(B) and, in fact, there was no mistake within the meaning of that Rule. As set forth more fully above, the evidence is uncontroverted that AFB did not distribute the product which is the subject of this lawsuit in Pennsylvania at any time prior to April 4, 1999. Mr. Codomo was unequivocal that AFB could not have and did not distribute the Invigorate which plaintiff's decedent allegedly consumed. On a factual level, plaintiff did not make a

19

"mistake" in not naming AFB as a defendant in the original
action. And, in light of the way court's have interpreted the
term "mistake" in Rule 15, the plaintiff's lack of knowledge of
AFB's identity at the time he instituted suit is not a "mistake"
within the meaning of Rule 15(c). Finally, because AFB had no
connection to the product which plaintiff's decedent allegedly
consumed, AFB had no reason to know that plaintiff's claim
against Cabot Industries, L.L.C. would have been brought against
it but for some "mistake" in identity.

**CONCLUSION**:

    AFB respectfully objects to the plaintiff's Motion to Join
it as a defendant in this action, and his proposed amendment to
the pleading. AFB respectfully submits that the proposed
amendment is futile, since the applicable statute of limitations
has passed, the proposed allegations fail to state a claim, and
AFB is not a "product seller" within the meaning of the
Connecticut Product Liability Act. Moreover, the plaintiff's
proposed amendment does not relate back to the original

20

complaint, because it fails to satisfy the requirements set

forth in Fed.R.Civ.P. 15(c).

   **WHEREFORE**, for all of the foregoing reasons, AFB

respectfully objects to the plaintiff's Motion to Join and urges

the Court to deny the same.

                    Respectfully submitted by:
                    **AMERICAN FITNESS BEVERAGES**
                    **WHOLESALERS, INC.**


                    By _Andrew J. O'Keefe_
                    Andrew J. O'Keefe
                    Jackson, O'Keefe and Phelan
                    36 Russ Street
                    Hartford, CT  06106
                    Fed. Bar No. CT 05585
                    (860)278-4040 (phone)
                    (860)527-2500 (fax)


                    By _Kathryn M. Cunningham_
                    Kathryn M. Cunningham
                    Jackson, O'Keefe and Phelan
                    36 Russ Street
                    Hartford, CT  06106
                    Fed. Bar No. CT 16071
                    (860)278-4040 (phone)
                    (860)527-2500 (fax)

21

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid to the following on December 5 , 2003:

Ralph J. Monaco, Esq.
Patrick J. Day, Esq.
Conway & Londregan
38 Huntington St., PO Box 1351
New London, CT  06320
860-447-3171
[Andrew W. Hayes Ralph K. Hayes]

Rocco Conte, Esq.
O'Connor, McGuinness, Conte, Doyle & Oleson
One Barker Ave., Ste.675
White Plains, NY  10601
914-948-4500
[Invigorate Int'l, Inc.; Cabot Ind., LLC]

Thomas Galvin Cotter, Esq.
Warren L. Holcomb, Esq.
Jonathan David Berchem, Esq.
Berchem, Moses & Devlin, PC
75 Braod Street
Milford, CT  06460
203-783-1200
[Paramount Health, Paramount Health & Fitness, Inc.]

C. Thomas Furniss, Esq.
Furniss & Quinn, P.C.
Stoneleigh Building
248 Hudson Street
Hartford, CT  06106

By _____
Andrew J. O'Keefe

22