UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANDREW W. HAYES, ADMINISTRATOR, RALPH K. HAYES | CIVIL ACTION NO. 3:00 - CV-1504 (AWT) |
| Plaintiff, | |
| VS. | |
| INVIGORATE INTERNATIONAL, INC., CABOT INDUSTRIES, LLC., PARAMOUNT HEALTH AND FITNESS, INC., JBN ENTERPRISES, INC. and JNG SPORTS SUPPLEMENT DISTRIBUTORS, INC. | February 6, 2004 |
| Defendants. | |

## REPLY TO AFB'S OBJECTION TO MOTION TO JOIN

The Plaintiff respectfully submits this reply to the Objection to Motion to Join filed by **American Fitness Beverage Wholesalers Ltd. (hereinafter "AFB")** dated December 5, 2003.

The Plaintiff alleges that Defendant Cabot Industries (hereinafter "Cabot") is the distributor of the subject product and is the alter ego of proposed defendant AFB. AFB is a necessary defendant to this action because its alter ego is Defendant, Cabot Industries, a distributor of the subject product. Under the Connecticut Product Liability Act, a seller or distributor of a product is liable in the same manner as the manufacturer of the product. See. C.G.S. §52-572m.

Cabot has been a defendant in this action since it was first filed in August 2000. On or about December 14, 2000 Cabot appeared in the case through counsel. As the court's file will reflect, Cabot has refused to file a responsive pleading, refused to comply with discovery submitted to them (see Exhibit A), and had failed to comply with the time deadlines imposed by this Court. Furthermore, Cabot refused to make available its principles until compelled to do so by subpoena (see Exhibit B.), and after the Plaintiff filed a Motion for Capias. (see Exhibit C). AFB has refused to honor a subpoenas for Marie Baringer, the bookkeeper of AFB, and Lester Caesar, the accountant for AFB and Cabot, to attend a deposition so that Plaintiff may inquire of them. (See Exhibits D and E)

Thus, the Plaintiff was not able to depose a principle of Cabot until June 11, 2003, when James Codoma, a principle of Cabot and AFB appeared pursuant to a subpoena. Codoma's deposition produced several relevant facts, to wit:

1. Cabot and AFB operate out of the same building 72A Cabot Street in West Babalon (See Depo. of James Codomo, p. 12);

2. Cabot did not have a designated space in the building at 72A Cabot Street (Id.)

3. Cabot was formed after AFB was formed and was operating (See Depo of James Codomo, pp 8-12.);

4. Codomo could not recall whether Cabot had employees and could not provide the names of a bookkeeper for Cabot;

5. Cabot utilized AFB's phone number, receptionist, accountant and warehouse person; Id. at 39, 63, 76

6. Cabot and AFB used the same bank[1];

7. The principles of Cabot and AFB are the same (Id. at 11, 78-79.);

8. AFB does business with Dolphin Fitness, the business out of which the President of Defendant, Invigorate International, works (Id. 16-17);

9. James Codomo was unable at his deposition to state whether or not Cabot paid rent, had a lease, or had its name on the building. (Id. at 26-27, 60-61). However, a review of Cabot's checks reveals that it never wrote a rent check.

10. Both Cabot and AFB ceased selling Invigorate when the Food and Drug Administration investigated them and raised concerns about safety (Id at 35-36, 49). The FDA seized the Invigorate from the Cabot/AFB warehouse. Id at 50-52.

11. Codoma and his partner, Bruce Saper, used their AFB customers and contacts to market for Cabot (Id. at 43). Cabot did not pay for the FDA recall; Codomo and Saper did. Id at 58-59.

12. AFB has insurance but Cabot does not. Id at 57-58.

13. Codomo did not produce any corporate books for Cabot or corporate minutes, thereby failing to show that Cabot adhered to corporate formalities. Id at 59, 72.

---

[1] Plaintiff has received in response to a subpoena the bank records of AFB and Cabot from EAB Bank, know known as Citibank. These records reveal that the two companies intermingled their assets.

>He did testify that he produces "all of Cabot's business records" as required by subpoena.

14. Cabot began its business with absolutely no money. Id at 60. This shows that AFB must have funded Cabot's initial marketing and distribution.

15. Codomo pled guilty to the crime of giving a false statement to an FDA agent. Id at 66-69.

16. Cabot does not intend to defend this lawsuit because it has no money. Id at 74.

17. Cabot's attorney has refused to produce the names of the employees of AFB so that Plaintiff may depose them. Id at 77. Codomo claimed he could not remember his own employees names. Id at 76-77.

In view of these facts, the finder of fact could reasonably conclude that Cabot was the alter ego of AFB. The law regarding alter ego status is well established. Proof that two parties are alter ego, thereby justifying a piercing of the corporate veil, turns on a variety of factors that would tend to show that one of the defendants was a dominated corporation, such as (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.* issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the

amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were it own. <u>Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.</u>, 933 F.2d 131, 139 (Cir. 1991) (citations omitted).

Moreover, in view of the fact that Cabot and its counsel have refused to comply with discovery requests, our courts have held that they may be held personally liable for fraudulent nondisclosure. <u>Northern Tankers Ltd. v. Backstrom</u>, 934 F.Supp. 33, 40 (D.Conn. 1996)(holding that the statute of limitations against an alter ego defendant did not expire because of a prior attempt to conceal the existence of the alter ego). The Second Circuit has held that if a plaintiff proves that a defendant is the alter ego of another defendant, "the alter egos are treated as one entity" for statute of limitation purposes. <u>Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.</u>, 933 F.2d 131, 143 (Cir. 1991). Thus, "if plaintiff can prove their alter ego theory. . . the statute of limitations disappears." <u>Matter of Arbitration between Holborn Oil Trading Ltd. and Interpol Bermuda Ltd.</u>, 774 F.Supp. 840, 847 (S.D.N.Y. 1991.)

Connecticut General Statute §52-595 also precludes a party from concealing the existence of a cause of action and thereafter defending the cause of action on the grounds of the statute of limitations. "If any person, liable to an action by another, fraudulently conceals from

him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." CGS §52-595.

The Objection by AFB challenged the factual predicate for the alter ego claim and asserted the applicability of the statute of limitations to this alter ego claim. This reply brief has demonstrated that Plaintiff possesses a compelling factual predicate for its alter ego claim, and that "the statute of limitations disappears" because AFB and Cabot are treated as one entity. Therefore, as long as the claim against Cabot was timely, the claim against AFB is timely. Since both entities are owned by the same individuals and operate out of the same facility, AFB cannot claim surprise or prejudice by the assertion of this cause of action. Clearly, Cabot, having gone out of business, has sought to conceal the existence of AFB, the viable entity.

For the foregoing reasons, the Plaintiff respectfully requests that AFB be joined as a defendant in this action so that complete justice can be done in the appropriate court.

Respectfully submitted,
THE PLAINTIFFS

By: _____
Ralph J. Monaco, Esq.
Bar No. CT-13306
Of Conway & Londregan, P.C.
38 Huntington St., P.O. Box 1351
New London, CT 06320-1351
860-447-3171 / FAX 860-444-6103
Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following on this 6th day of February, 2004:

David Ng, Esq.
Karllson & Ng
305 Broadway, Suite 3101
New York, NY 10007
Attorney for Murray Wichard

Rocco Conte, Esq.
O'Connor, McGuinness, et al.
One Barker Avenue, Suite 675
White Plains, NY 10601-1517
Attorneys for Defendant, Cabot Industries, LLC

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
Attorneys for Defendant, Paramount Health and Fitness, Inc.

Leonard N. Zito, Esq.
Zito, Martino and Karasek
641 Market Street
Bangor, Northhampton County, PA 18013
Attorneys for Defendant, JBN Enterprises, Inc.

C. Thosmas Furniss, Esq.
Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106
Attorney for Lester Caesar and Marie Berringer (non-parties)

Brett J. Riegel, Esq.
Amori & Riegel, LLC
717 Sarah Street
Stroudsburg, PA 18360
Attorney for JNG Sports Supp.

Andrew J. Keefe, Esq.
Kathryn Cunningham, Esq.
Jackson, O'Keefe and Phelan
36 Russ Street
Hartford, CT 06106
Attorneys for American Fitness Beverages Wholesalers, Inc.

Ralph J. Monaco, Esq.