UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANDREW W. HAYES, ADMINISTRATOR, RALPH K. HAYES<br><br>Plaintiff,<br><br>vs.<br><br>INVIGORATE INTERNATIONAL, INC., CABOT INDUSTRIES, L.L.C., PARAMOUNT HEALTH & FITNESS, INC., JBN ENTER-PRISES, INC., JNG SPORTS SUPPLEMENT DISTRIBUTOR, INC.<br>Defendants. | CIVIL NO.<br>3:00 CV 1504 (AWT)<br><br><br><br><br><br><br><br><br>February 23, 2004 |

## RESPONSE OF DEFENDANT PARAMOUNT HEALTH AND FITNESS, INC. TO PLAINTIFF'S MOTION TO TRANSFER

Recently, this Court set aside its prior order of dismissal that had been entered without prejudice as to Paramount Health and Fitness, Inc. for lack of personal jurisdiction as a condition precedent to the Court's consideration of the plaintiff's motion to transfer the entire action to the United States District Court for the Eastern District of Pennsylvania. In the event that this Court decides to transfer this case to the Eastern District of Pennsylvania, the defendant submits that the transfer should be based on 28 U.S.C. §1406(a) rather than 28 U.S.C. §1404(a), the statutory section upon which the plaintiff's motion to transfer is based.

28 U.S.C. §1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962), the Supreme Court held that the language of §1406(a) "is amply broad enough to authorize a transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." In <u>Corke v. Sameit M.S. Song of Norway</u>, 572 F.2d 77, 79 (2d Cir. 1978) the Court quoted with approval from <u>Dubin v. United States</u>, 380 F.2d, 813, 815 (5th Cir. 1997) as follows:

> Looking to the language of §1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer "wrong" venue, but rather to venue laid in a "wrong division or district." We can conclude that a district is "wrong" within the meaning of §1406 whenever there exists a "obstacle [to... ] an expeditious and orderly adjudication" on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle." The Court in <u>Corke</u> held that venue was laid in a "wrong division or district" because the plaintiff could not obtain personal jurisdiction over the defendant.

<u>Id.</u>

Although the Court in <u>Corke</u> also concluded that §1404(a) provided a further basis for the transfer, primary reliance was derived from §1406(a), and a majority of courts in this circuit that have ordered transfers in situations where personal jurisdiction was lacking over a defendant have done so based on the authority derived from §1406(a). See, <u>Bolar v. Frank</u>, 938 F.2d 372 (2d Cir. 1991)(transfer by appellate court on its own motion pursuant to §1406(a); <u>Syed v. Housel</u>, 106 F. Supp. 3d 397 (D.C. Conn. 2000) (lack of personal jurisdiction cured by transferring case to the Southern District of New York pursuant to 28 U.S.C. §1406(a).)

The same factors for determining whether transfer is appropriate under §1404(a) are relevant to a determination whether a transfer is appropriate under 28 U.S.C. §1406(a). See, Syed v. Housel, supra, 106 F.Supp. 3d at 399 ("In determining the interest of justice prong of 28 U.S.C. §1406(a), the court may consider *inter alios*: (1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative ease of access of sources of proof and the locus of operative facts; and (4) the cost of obtaining willing witnesses."); French Transit, Ltd v. Modern Coupon Sys., Inc., 858 F.Supp. 22, 27 (S.D.N.Y. 1994) (same; cited in Syed).

Based on the foregoing, defendant Paramount Health and Fitness, Inc. respectfully submits that in the event this Court orders the transfer of this case to the Eastern District of Pennsylvania as requested by the plaintiff, such transfer should be made pursuant to 28 U.S.C. §1406(a).

                        Respectfully submitted
                        Defendant Paramount Health and Fitness, Inc.

By: _____
      Warren L. Holcomb, Esq.
      Berchem, Moses & Devlin, P.C.
      75 Broad Street
      Milford, CT 06460
      Fed. Bar No. ct13127
      (203) 783-1200

## CERTIFICATION

This is to certify that a copy of the foregoing Response of Defendant Paramount Health and Fitness, Inc. to Plaintiff's Motion to Transfer was mailed this date, February 23, 2004, by U.S. mail first class, postage prepaid to the following:

Ralph J. Monaco, Esq.
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1352
New London, CT 06320-1351

Rocco Conte, Esq.
O'Connor, McGuinness, Conte, Doyle & Oleson
One Barker Avenue
Suite 675
White Plains, NY 10601

Leonard N. Zito, Esq.
Zito, Martino & Karasek
641 Market Street
Bangor, Northhampton, PA 18013

Invigorate International, Inc.
c/o Murray Winchard, Principal
Dolphin Fitness Center
242 East 14th Street
New York, NY 10003

Warren L. Holcomb, Esq.