FILED

2004 MAR 17 P 12:

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANDREW W. HAYES, ) <br> ADMINISTRATOR, RALPH K. HAYES ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> INVIGORATE INTERNATIONAL, INC., ) <br> CABOT INDUSTRIES, LLC., ) <br> PARAMOUNT HEALTH AND FITNESS, ) <br> INC., JBN ENTERPRISES, INC. and ) <br> JNG SPORTS SUPPLEMENT ) <br> DISTRIBUTORS, INC. ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 3:00 - CV - 1504 (AWT) <br><br><br><br><br><br><br> MARCH 16, 2004 |

**REPLY TO DEFENDANT PARAMOUNT HEALTH AND FITNESS, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER**

The Plaintiff respectfully submits this reply to the Defendant Paramount Health and Fitness, Inc.'s Response to Plaintiff's Motion to Transfer, dated February 23, 2004. For the reasons set forth below, this action should be transferred to the Eastern District of Pennsylvania without reference to either 28 U.S.C. § 1404 (a) or § 1406 (a).

In Goldlawr v. Heiman, 369, U.S. 463 (1962), the Supreme Court held that a court may use the transfer mechanism outlined in § 1406 (a) even where the court could not exercise in personam jurisdiction over one or more defendants. Id. at 466. The case involved antitrust claims arising under the Sherman and Clayton Acts. Id. Pursuant to 15 U.S.C. §§ 20 and 22, the

plaintiff was required to demonstrate that the defendants were either inhabitants of Pennsylvania, or were transacting business within that state in order for the court to have jurisdiction over them. Id. Because the plaintiff in Goldlawr had failed to show either ground, the Supreme Court held that the plaintiff had commenced its action in the wrong district in violation of the specific jurisdictional statutes. The Court reversed the district court's denial of the requested transfer of venue and its dismissal of the action as to those defendants over whom the district court exercised no personal jurisdiction. In doing so, the Court observed:

> [Section 1406 (a)] is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years--that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of §1406 (a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'

Following Goldlawr, the Second Circuit in Corke v. Sameleiet M.S. Song of Norway, held that the transfer of an action was permissible, notwithstanding that the transferor court was without personal jurisdiction over a defendant where the refusal to transfer the case would severely prejudice the plaintiff due to the running of the statute of limitations in the transferee court. Id. at 80. What Paramount's brief does not address in its discussion of Corke is the Second Circuit's poignant reference to Judge Weinfeld's decision in Volk Corp. v. Art-Pak Clip

Art Service, 432 F. Supp. 1179, 181 & n. 4, 5 (S.D.N.Y. 1977). In Volk, the court declined to "elect" between § 1404 (a) and § 1406 (a) when confronted with the question of whether the defendant's distribution of copyright infringing work within the State of New York justified the exercise of long-arm jurisdiction. Judge Weinfeld noted "the court has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice." Id. at 1181. Adopting Judge Weinfeld's harmonization of the two transfer statutes, and Goldlawr's overarching emphasis on the statutory phrase "in the interests of justice" (a phrase contained in both sections), the Second Circuit expressly distanced its holding from the reasoning of Dubin v. United States, 380 F.2d 813 (5th Cir. 1967). Dubin had relied heavily on an analysis of the express language of § 1406 (a) and a textual comparison with § 1404 (a). The Second Circuit effectively disavowed this approach and <u>eschewed reliance on either section in ordering the transfer</u>. This was exactly the approach taken by Judge Weinfeld in Volk. Accordingly, Paramount's reliance on Dubin in seeking to have this Court order the transfer pursuant to § 1406 (a) is based upon a misunderstanding of the Second Circuit's interpretation of Goldlawr as set forth in the holding and reasoning in Corke, supra.

Plaintiff in the case at bar did not commence the action in the "wrong division or district", as argued by Paramount. Rather, Plaintiff commenced his action, in conformance with 28 U.S.C. § 1391 "[in a] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391 (a). The fact that this Court ultimately

determined that it could not exercise in personam jurisdiction over Paramount does not convert this forum into an "improper" venue. Thus, § 1406 (a) simply does not apply to the present situation. The erroneous equation of lack of personal jurisdiction with "improper" venue is precisely the problem that the Second Circuit wanted to avoid in deciding Corke.

In addition, ordering the case transferred pursuant to § 1406 (a) could have serious repercussions for the Plaintiff. While there is still a question regarding which state's substantive law will apply to the Plaintiff's products' liability claims against Paramount (Connecticut or Pennsylvania), the Plaintiff may encounter problems arising from the running of statutes of limitations in the event the Court transfers the action pursuant to § 1406 (a). While tolling provisions or savings statutes may also come into play, this Court should not force the Plaintiff to into this position, which is contrary to the holding and reasoning of Corke, supra. The Plaintiff timely commenced his action and has diligently pursued the case since inception. Paramount has participated in all aspects of this case and will not be prejudiced by the transfer.  To permit a technicality in the rules to become an obstacle to pursuing the merits of the case would work a grave injustice. Clearly, that result would not be "in the interests of justice" as provided in both 15 U.S.C. §§ 1404 (a) and 1406 (a).

4

For the foregoing reasons, the Plaintiff respectfully requests that Paramount's request that the Court's transfer of this action be made pursuant to 28 U.S.C. § 1406 (a) be denied.

                                        Respectfully submitted,
                                        THE PLAINTIFFS

                                        By: _____
                                        Ralph J. Monaco, Esq.
                                        Bar No. CT-13306
                                        Patrick J. Day, Esq.
                                        Bar No. CT-21858
                                        Conway & Londregan, P.C.
                                        38 Huntington St., P.O. Box 1351
                                        New London, CT 06320-1351
                                        860-447-3171 / FAX 860-444-6103
                                        Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following on this 16th day of March, 2004:

David Ng, Esq.
Karllson & Ng
305 Broadway, Suite 3101
New York, NY 10007
Attorney for Murray Wichard

Rocco Conte, Esq.
O'Connor, McGuinness, et al.
One Barker Avenue, Suite 675
White Plains, NY 10601-1517
Attorneys for Defendant, Cabot Industries, LLC

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
Attorneys for Defendant, Paramount Health and Fitness, Inc.

Leonard N. Zito, Esq.
Zito, Martino and Karasek
641 Market Street
Bangor, Northhampton County, PA 18013
Attorneys for Defendant, JBN Enterprises, Inc.

C. Thomas Furniss, Esq.
Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106
Attorney for Lester Caesar and Marie Berringer (non-parties)

Brett J. Riegel, Esq.
Amori & Riegel, LLC
717 Sarah Street
Stroudsburg, PA 18360
Attorney for JNG Sports Supp.

Andrew J. Keefe, Esq.
Kathryn Cunningham, Esq.
Jackson, O'Keefe and Phelan
36 Russ Street
Hartford, CT 06106
Attorneys for American Fitness Beverages Wholesalers, Inc.

_____
Patrick J. Day, Esq.