IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH K. HAYES, Administrator of | : | CIVIL ACTION |
| the ESTATE OF ANDREW W. HAYES | : | NO. 3:00 - CV - 1504 (AWT) |
| Plaintiff, | : | |
| vs. | : | |
| INVIGORATE INTERNATIONAL, INC., CABOT INDUSTRIES, LLC., PARAMOUNT HEALTH & FITNESS, INC., JNG SPORTS, JNG SPORTS SUPPLEMENT DISTRIBUTORS, INC. and JUST NATURAL GROWTH SPORTS SUPPLEMENT DISTRIBUTORS, INC.: | : | |
| Defendants | : | |
| vs. | : | October 13, 2004 |
| MURRAY WICHARD, MARIE BERINGER and LESTER CAESAR, | : | |
| Additional Defendant. | : | |

### DEFENDANT, PARAMOUNT HEALTH & FITNESS, INC.'S MOTION FOR ARTICULATION/ CLARIFICATION OF COURT'S FEBRUARY 9, 2004 ORDER

Defendant Paramount Health & Fitness, Inc. ("Paramount"), by its undersigned counsel, hereby submits this motion for articulation or in the alternative pursuant to Fed. R. Civ. P.60 for clarification of the Court's February 9, 2000 Order in this action. In support of this motion, Paramount represents as follows:

1.      On February 12, 2003, Paramount filed its Motion to Dismiss the Complaint for lack of personal jurisdiction. On September 22, 2003, this Court entered a minute

entry in the docket, granting Paramount's Motion to Dismiss based on the absence of personal jurisdiction. An Endorsement Order was entered on September 23, 2003 granting the Motion to Dismiss.

2. On October 24, 2003, plaintiffs filed a Motion to Set Aside the dismissal and on said date, also filed a Motion to Transfer the case to the United States District Court for the Eastern District of Pennsylvania, a jurisdiction in which Paramount resides.

3. In plaintiff's Memorandum of Law in Support of the Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), plaintiff framed the issue as whether plaintiff "should file a separate action in Pennsylvania against Paramount Health & Fitness, Inc., the claims against which have been dismissed by this Court on or about September 23, 2003 based upon a lack of personal jurisdiction." Plaintiff sought the Court's approval of a transfer of the litigation to Pennsylvania under § 1404(a).

4. In plaintiff's Motion to Set Aside the dismissal of September 23, 2003, plaintiff sought the opportunity to re-open the dismissal for purposes of transferring the action to the United States District Court for the Eastern District of Pennsylvania. A true and correct copy of the plaintiff's Motion to Set Aside Dismissal and Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) are attached hereto as Exhibits "A" and "B" respectively.

5. On February 9, 2004, this Court entered an Endorsement Order in which the court granted plaintiff's Motion to Set Aside the Dismissal and vacated the prior Court Order granting Paramount's Motion to Dismiss and denied said motion.

6. Thereafter, on March 27, 2004, the court ordered the transfer of this case to the Eastern District of Pennsylvania. In the Court's Order, it is stated that the transfer of

the case was held in abeyance to allow plaintiff time to file a Fourth Amended Complaint.

7.     Paramount filed a Motion to Dismiss the action in the United States District Court for the Eastern District of Pennsylvania Pursuant to Fed. R. Civ. P. 12(b)(6).  In the Pennsylvania action, the issue presented is whether the plaintiff's action is time-barred and whether the Connecticut or Pennsylvania statute of limitations applies to the claim.

8.     A key factor in the adjudication of said motion is whether personal jurisdiction over Paramount existed in Connecticut and, more particularly, whether this Court found that personal jurisdiction over Paramount existed prior to the transfer of the litigation to Pennsylvania.  A true and correct copy of Paramount's Motion to Dismiss, filed in the Eastern District of Pennsylvania is attached hereto as Exhibit "C".

9.     The Honorable Legrome D. Davis of the United States District Court for the Eastern District of Pennsylvania denied Paramount's Motion to Dismiss Count I of the Complaint on the grounds that this Court's Endorsement Order (Docket Entry No. 67) constituted the "law of the case" such that the issue of personal jurisdiction had been decided in favor of plaintiff.   A copy of Judge Davis' Memorandum, Opinion and Order is attached hereto as Exhibit "D".

10.     Paramount has filed a Motion for Reconsideration of the Pennsylvania Court's September 24, 2004 Order in which it has asserted that this Court did not expressly find that personal jurisdiction over Paramount existed in Connecticut.  A true and correct copy of said Motion for Reconsideration is attached hereto as Exhibit "E".

11.     Paramount respectively requests this Court to clarify the basis of its February

9, 2004 Endorsement Order as to its findings with regard to personal jurisdiction over Paramount. If this Court found that personal jurisdiction could not be exercised over defendant Paramount in Connecticut within the confines of the "due process" clause, but in lieu of dismissing the action outright, allowed for transfer of the case to Pennsylvania for further proceedings, then Paramount respectively requests that the Court clarify the basis of its findings. Alternatively, if prior to transfer under Section 1404(a), the Court concluded that personal jurisdiction existed in Connecticut, then Paramount respectively requests that this Court issue an Order which explains the basis of the Court's ruling.

12.     Paramount respectfully requests that the Court clarify its Order and the basis for its ruling such that the Pennsylvania court may determine whether the "law of the case" doctrine applies to the personal jurisdiction issue. In the absence of a clarification, the Pennsylvania federal district court will not proceed to adjudicate the question as to whether the law of the transferor or transferee jurisdiction exists for purposes of applying the statute of limitations to this claim. We anticipate that a Clarification Order will streamline the litigation and assist in appellate review.

13.     Paramount respectively submits that the Order should be modified to reflect that personal jurisdiction did not exist but that pursuant to the plaintiff's Motion to Transfer the Case Pursuant to § 1404(a), the action was transferred and not dismissed.

WHEREFORE, defendant, Paramount Health & Fitness, Inc., respectfully requests that this Honorable Court to grant the within Motion for Clarification of the Court's Order.

                                                 //s//
                                         Warren L. Holcomb, Esquire
                                         Fed. I.D. #13127
                                         Berchem, Moses & Devlin, P.C.
                                         75 Broad Street
                                         Milford, CT  06460
                                         (203) 783-1200
                                         wholcomb@bmdlaw.com

Of Counsel:

William T. Salzer, Esquire
SWARTZ CAMPBELL LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103
215-564-5190
Attorneys for Defendant, Paramount Health & Fitness, Inc.