UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH K. HAYES, Administrator of the ESTATE OF ANDREW W. HAYES : : : Plaintiff, : : vs. : : INVIGORATE INTERNATIONAL, : INC., CABOT INDUSTRIES, LLC., : PARAMOUNT HEALTH & FITNESS, INC., : JNG SPORTS, JNG SPORTS : SUPPLEMENT DISTRIBUTORS, INC. : and JUST NATURAL GROWTH : SPORTS SUPPLEMENT DISTRIBUTORS, INC.: : Defendants : vs. : : MURRAY WICHARD, MARIE : BERINGER and LESTER CAESAR, : : Additional Defendant. : | CIVIL ACTION NO. 3:00 - CV - 1504 (AWT) October 13, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
PARAMOUNT HEALTH AND FITNESS, INC.'S MOTION FOR
ARTICULATION/CLARIFICATION OF ORDER**

Defendant, Paramount Health & Fitness, Inc., by its undersigned counsel, and pursuant to Fed. R. Civ. P. 60 and under the court's inherent authority seeks articulation and clarification of the Court's February 9, 2004 Endorsement Order [doc.#67].

**I. INTRODUCTION**

As outlined in defendant Paramount's accompanying motion, Paramount has asserted in the transferee forum, the United States District Court for the Eastern District of Pennsylvania, that notwithstanding transfer of this litigation pursuant to 28 U.S.C.

section 1404(a), this Court did not have personal jurisdiction over Paramount and, as a result, Pennsylvania procedural law (such as the statute of limitations) governs the case, post-transfer. The Pennsylvania federal court has concluded that this court decided that personal jurisdiction existed in Connecticut by virtue of the court's vacating its September 23, 2003 Order and denying Paramount's motion to dismiss, notwithstanding this court's transfer of the case to Pennsylvania.

Paramount has asserted that had the court found that personal jurisdiction existed, it would not have made sense to transfer the case to Pennsylvania. Nonetheless, the docket and the February 9, 2004 Order have been construed by the Pennsylvania federal court as objectively reflecting a finding of personal jurisdiction over Paramount, such that the "law of the case" doctrine governs. Paramount seeks an articulation or clarification of said Order so that the court's intent and findings are of record.

## II.    ARGUMENT

It is well established that courts have the inherent authority to clarify and explain their prior orders and that the procedural vehicle to request such an explanation or clarification is a motion for articulation, sometimes stylized as a motion for clarification. See, e.g., Coppola v. Mack, 100 F.Supp.2d 110 (D.Conn.1998) (granting motion for articulation more than one year after the court's ruling awarding the plaintiff attorney's fees)

Federal Rule of Civil Procedure 60 (a) provides:

(a) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court

at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter, while the appeal is pending may be so corrected with leave of the appellate court.

Fed. R. Civ. P. 60 (a).

Leave under Rule 60 (a) from a judgment or order may be granted if the judgment or order, as entered, fails to reflect the actual intention of the court. <u>Robi v. Five Platters, Inc.</u>, 918 F.2d 1439 (9th Cir. 1990). Rule 60(a) permits only a correction for the purposes of reflecting accurately the decision the Court actually made. <u>Truskoski v. ESPN</u>, 60 F.3d 74 (2d Cir. 1995).

Fed. R. Civ. P. 60(b)(6) provides, in relevant part, that on motion made withion a reasonable time and not more than one year after a final order has been entered and upon such terms as are just, the court may relieve a party from an order for "any other reason justifying relief for the operation of the judgment."

It is Paramount's belief that the underlying intent of the Court's February 9, 2004 Endorsement Order was to allow for the transfer of the action from Connecticut to the Eastern District of Pennsylvania, a forum in which Paramount was situated, because personal jurisdiction could not be exercised over Paramount in Connecticut. Following a conference call with the attorneys for the plaintiff and defendant Paramount, the Honorable Alvin W. Thompson, United States District Judge, by minute order dated September 22, 2003, granted defendant Paramount's motion to dismiss for lack of personal jurisdiction, but did so without prejudice to the plaintiff's right to move to transfer the action to the District Court of Pennsylvania where defendant Paramount resides.

Paramount respectfully submits that if this Court had found that personal jurisdiction could be exercised over Paramount, it would have retained jurisdiction over the case as opposed to transferring the matter to Pennsylvania. Indeed, Paramount did not seek a transfer of the matter to Pennsylvania; rather, this was initiated by the plaintiff. Following the plaintiff's motion, this Court by an endorsement order [doc.#67] entered on February 9, 2004, granted the plaintiff's motion to set aside the dismissal, vacated its September 23, 2004 endorsement order granting Paramount's motion to dismiss for lack of personal jurisdiction [doc.#42], and denied said motion.

The legal issue presented in the Eastern District of Pennsylvania is whether the Connecticut or Pennsylvania statute of limitations applies to an action transferred under Section 1404(a) where personal jurisdiction could not be obtained against the defendant in the transferor forum. At this time, the Pennsylvania Court has declined to address this legal issue on the grounds that the Connecticut Court had already decided the personal jurisdiction issue in favor of plaintiff.

Paramount respectfully submits that the Section 1404(a) transfer could not have been effectuated for purposes of convenience to the parties or the Court, as the overwhelming connection of the litigation is to Connecticut, not Pennsylvania, because Connecticut is where the plaintiff resided, the fatality occurred, the police investigation was conducted and most of the witnesses reside. Therefore, Paramount respectfully requests that the Court to clarify the basis of its February 9, 2004 order and to articulate whether it determined that it had personal jurisdiction over defendant Paramount and explain whether the predicate for the Section 1404(a) transfer was the Court's lack of personal jurisdiction to Paramount.

Accordingly, Paramount respectfully requests that the Court grant this motion for articulation/clarification and articulate the basis for the February 9, 2004 Order.

        DEFENDANT
        PARAMOUNT HEALTH & FITNESS, INC.

        __//s//_____
        Warren L. Holcomb, Esquire
        Fed. I.D. #13127
        Berchem, Moses & Devlin, P.C.
        75 Broad Street
        Milford, CT  06460
        (203) 783-1200
        wholcomb@bmdlaw.com

Of Counsel:

William T. Salzer, Esquire
SWARTZ CAMPBELL LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103
215-564-5190
Attorneys for Defendant, Paramount Health & Fitness