UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF ANDREW W. HAYES, ADMINISTRATOR, RALPH K. HAYES | ) ) ) | CIVIL ACTION NO. 3:00 - CV - 1504 (AWT) |
| Plaintiff, | ) ) | |
| VS. | ) ) | |
| INVIGORATE INTERNATIONAL, INC., CABOT INDUSTRIES, LLC., PARAMOUNT HEALTH AND FITNESS, INC., JBN ENTERPRISES, INC. and JNG SPORTS SUPPLEMENT DISTRIBUTORS, INC. | ) ) ) ) ) ) ) | November 1, 2004 |
| Defendants. | ) | |

### OPPOSITION TO MOTION FOR ARTICULATION/CLARIFICATION OF COURT'S FEBRUARY 9, 2004 ORDER

The Plaintiff respectfully opposes the Motion for Articulation/Clarification filed by the Defendant, Paramount Health and Fitness on October 18, 2004.  Defendant's Motion is improper procedurally in that this case is no longer pending in this district, and without merit in that the court's prior order is clear and unambiguous.  These reasons are set forth in greater detail in this Opposition Memorandum.

   I.   **FACTS**

   1.   On September 23, 2003, this court granted Defendant Paramount Health & Fitness, Inc.'s (hereafter "Paramount") Second Motion to Dismiss.  The order was granted without prejudice.

   2.   On October 24, 2003, the Plaintiff filed a Motion to Set Aside the Dismissal, and a Motion to Transfer the case to the Eastern District of

Pennsylvania. This court granted both motions on February 9, 2004 in an Endorsement Order.

3. In the February 9, 2004 Endorsement Order, this court set aside the dismissal, denied Paramount's Second Motion to Dismiss on personal jurisdiction grounds, and ordered the case be transferred to the Eastern District of Pennsylvania. Paramount did not challenge this decision and did not seek reconsideration within ten (10) days as provided by Local Rule 7(c).

4. On or about May 7, 2004, Paramount filed a Motion to Dismiss arguing the Plaintiff's action against Paramount was time-barred because it was filed more that two years after the date of death. Paramount argued that Pennsylvania's two-year statute of limitation should apply, not Connecticut's three-year statute of limitation.

5. On September 24, 2004, the Eastern District of Pennsylvania denied Paramount's Motion to Dismiss on statute of limitation grounds, but granted it with respect to Plaintiff's Connecticut Unfair Trade Practice Act claim. See Memorandum and Order, Attached As Exhibit A. In that decision, the Eastern District stated: "because Judge Thompson concluded that personal jurisdiction lies within the District of Connecticut, this court holds that Connecticut's three-year statute of limitation applies and that the Plaintiff's CPLA claim is not time-banned." See pg. 10 of Decision.

6. On or about October 1, 2004, Paramount filed a Motion for Reconsideration of the September 24th decision.  This motion was denied, with the court finding that Paramount's motion met none of the criteria for a meritorious motion to reconsider.  See Order, Attached as Exhibit B.

7. On October 26, 2004 the Eastern District of Pennsylvania "ordered that the Clerk of Court shall mark Defendant Paramount Health & Fitness, Inc.' Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. No. 3), filed on May 7, 2004, as CLOSED."  See attached Order, Attached as Exhibit C.

## II. Law and Argument

### A. Defendant's Motion is Improper Because this Court Transferred Venue of this Action to the Eastern District of Pennsylvania

#### 1. Defendant failed to seek permission from the Pennsylvania court to conduct proceedings in a different court

This case is now pending in the Eastern District of Pennsylvania.  The district court in the Eastern District of Pennsylvania recently denied the Motion to Dismiss the product liability claims, which motion was filed by the movant, the defendant Paramount Health and Fitness (hereinafter "Paramount").  In said Motion to Dismiss, Paramount argued that Pennsylvania's two year statute of limitation, and not Connecticut's three year product liability statute of limitation, should apply.  The district court in Pennsylvania rejected Paramount's argument finding that in a 28 U.S.C. §1404 transfer, the statute of the

transferor court applies. See Ferens v. John Deere Co., 494 U.S. 516 (1990). The Plaintiff's action was filed well within the Connecticut statute of limitation.

Paramount now seeks to re-litigate, in the District of Connecticut, this court's order dated February 9, 2004 in which it vacated its prior dismissal of the action, and denied the Motion to Dismiss.

The Second Circuit has ruled that when a case is pending on appeal before a circuit court, the district court has no jurisdiction to entertain further motions without leave of the circuit court. Toliver v. County of Sullivan, 957 F.2d 47 (1992) (the district court may rule on a Rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court.) A similar logic should apply where a case has been transferred from one district court to another. The District of Connecticut has relinquished this case to the Eastern District of Pennsylvania. All proceedings, therefore, must be before the Pennsylvania court, unless permission is granted to conduct proceedings in a different court. Permission has not been so granted. To the contrary, the Eastern District Court determined that Paramount had failed to pursue reconsideration and had waived its challenge to this Court's previous Order[1]. For this reason, Paramount's attempt to circumvent the proceeding in the Eastern District by its Motion for Articulation/Clarification is improper and should be denied.

---

[1] The Pennsylvania Eastern District Court stated: "This court will not revisit Judge Thompson's decision See e.g., United Artists Theater Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 397-98 (3d Cir. 2003) ("courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication."). Paramount fails to provide any authority permitting a transferee court, by way of a successive Rule 12(b)(6) motion, to review and then vacate a transferor court's denial of a Rule 12(b)(6) motion. [citation omitted]. Nor has Paramount provided evidence in its Rule 12(b)(6) motion demonstrating why Judge Thompson acted erroneously in finding personal jurisdiction over Paramount. If discontent, Paramount should have challenged the February 5, 2004 Order dismissing Paramount's Rule 12(b)(6) motion by filing and serving a motion for reconsideration within ten days of the initial order, rather than seeking to circumvent Judge Thompson's personal jurisdiction determination through a subsequent Rule 12(b)(6) motion before this court. See e.g. Chrysler Credit Corp. v. Country Chrysler Corp., 928 F.2d 1509, 1516 (10th Cir. 1991) ("traditional principles of the law of the case counsel against the transferee reevaluating the rulings of the transferor court, including its transfer order"). 9/24/04 Decision, Pgs. 9-10.

**B.   Defendant's Motion is Tantamount to a Motion for Reconsideration and Is Untimely**

**1.   Local Rule 7( c ) requires that Motions for Reconsideration be Filed Within 10 Days of the Decision**

The present motion seeks a ruling that "[t]he February 9, 2004 Endorsement Order is <u>modified</u> to read that the Court found that personal jurisdiction over defendant Paramount could not be exercised. . ." See Proposed Order attached to Paramount's Motion.  Such language makes it clear that Paramount is seeking reconsideration of the court's prior order, despite the fact that it calls its motion a "Motion for Articulation/Clarification".  There is nothing ambiguous in the Endorsement Order.  The Endorsement order dated February 5, 2004, and filed February 9th,  states

> The Plaintiff's Motion to Set Aside Dismissal (doc # 59) is hereby GRANTED.  The court's order granting, without prejudice, Paramount Health & Fitness, Inc.'s motion to dismiss (Doc. # 42) is hereby VACATED and that motion is hereby DENIED.
> It is so ordered.

Paramount did not seek reconsideration of this order within ten (10) days as required by Local Rule 7 (c).  The requirement that a request for reconsideration of judgment be filed within ten days after entry of judgment, excluding intermediate Saturdays, Sundays and legal holidays, is uncompromisable, and may not be extended by trial court.  <u>Lichtenberg v. Besicorp Group, Inc.</u>, 204 F.3d 397 (2d. Cir. 2000).  Paramount cannot avoid Rule 7 (c) by calling its motion something other than a motion for reconsideration.  Paramount's motion, then, is in effect a Motion for Reconsideration.  For these

reasons, Paramount's current motion is untimely and should be denied on this basis.

Furthermore, because the above-quoted Order is clear and unambiguous, articulation is not required. The plain language of the Order makes clear that the prior order was vacated and the Motion to Dismiss based on lack of personal jurisdiction was denied.

### c. Defendant is Seeking to Now Appeal an Order Issued over 8 Months Ago

#### 1. Defendant failed to Appeal Within 30 Days of the Order as Required by 28 USC §2107 and Rule 4 of FRAP

Paramount did not appeal the Endorsement Order filed on February 9, 2004 nor did it seek reconsideration. Instead, on February 23, 2004 it filed "Response of Defendant Paramount Health and Fitness, Inc. to Plaintiff's Motion to Transfer" in which it argued that the transfer to Pennsylvania should be pursuant to 28 U.S.C. § 1406 and not 28 U.S.C. § 1404. The court rejected this argument and made the transfer under 28 U.S.C. §1404.

Rule 4 of the Appellate Rules provides that, in order for a Motion for Reconsideration under Federal Rule of Civil Procedure 60, to defer the beginning of the 30-day window for timely appeal, it must be filed within 10 days after entry of the judgment to be reconsidered. Murray v. Crudo, 99 Fed.Appx. 267, 2004 WL 1088731 (2nd Cir. 2004); see Santiago v. United States, 64 Fed.Appx. 281, 2003 WL 1970638 (2d. Cir. 2003)(holding that under Rule 4(a)(4)(A)(vi) of FRAP a Rule 60(b) motion only tolls the appeal period if the motion is filed within ten days of the judgment or order). The defendant now seeks to circumvent this rule. This is impermissible. Paramount cannot now create a new record on which to

appeal.  Because Paramount failed to appeal the order of transfer under § 1404, this decision is final and unappealable.

        Respectfully submitted,
        THE PLAINTIFF


        By:_____
           Ralph J. Monaco, Esq.
           Bar No. CT-13306
           Of Conway & Londregan, P.C.
           38 Huntington St., P.O. Box 1351
           New London, CT  06320-1351
           860-447-3171 / FAX 860-444-6103
           His Attorneys

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following on this _____ day of November, 2004:

William T. Salzer, Esq.
Swartz Cambell, LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103

David Ng, Esq.
Karlsson & Ng
305 Broadway, Suite 3101
New York, NY  10007
Attorney for Murray Wichard

Brett J. Riegel, Esq.
Amori & Riegel, LLC
717 Sarah Street
Stroudsburg, PA 18360
Attorney for JNG Sports Supp.

Rocco Conte, Esq.
O'Connor, McGuinness, et al.
One Barker Avenue, Suite 675
White Plains, NY  10601-1517
Attorneys for Defendant, Cabot Industries, LLC

James P. Hsdden, Esq.
Mark O'Neill, et al
1880 J.F.K. Blvd., St. 1200
Philadelphia, PA  19103
Attorneys for American Fitness
Beverage Wholesalers, LTD.

Warren Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
Attorneys for Defendant,
Paramount Health and Fitness, Inc.

Alyssa A. Lopiano-Reilly, Esq.
Zito, Martino and Karasek
641 Market Street
Bangor, Northhampton County, PA 18013
Attorneys for Defendant, JBN Enterprises, Inc.

C. Thomas Furniss, Esq.
Furniss & Quinn, P.C.
248 Hudson Street
Hartford, CT 06106
Attorney for Lester Caesar and Marie Berringer (non-parties)

_____
Ralph J. Monaco, Esq.

Case 3:00-cv-01504-AWT    Document 80    Filed 11/04/2004    Page 9 of 9