IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RALPH K. HAYES, Administrator of     :     CIVIL ACTION the ESTATE OF
ANDREW W. HAYES     :


     v.


INVIGORATE INTERNATIONAL,
INC.-etal.

                                        NO. 04-1577


**MEMORANDUM AND ORDER**

Legrome Davis, J. **I.**

                                        September 24, 2004

**INTRODUCTION**

Presently before this Court are Defendant Paramount Health & Fitness, Inc.'s ("Paramount") Motion to Dismiss Plaintiffs Fourth Amended Complaint (E.D. Doc. No. 4) filed on May 13, 2004, Plaintiffs Memorandum of Law in Opposition to Paramount's Second Motion to Dismiss filed on June 3, 2004 (E.D. Doc. No. 17), and Paramount's Reply Brief To The Plaintiffs Memorandum In Opposition To Paramount's Motion to Dismiss filed on June 28, 2004 (E.D. Doc. No. 22).

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

## II.   FACTUAL AND PROCEDURAL HISTORY

The lawsuit seeks to recover damages relating to the death of twenty-year old Andrew W. Hayes ("Hayes") on April 4, 1999. Hayes allegedly died after ingesting a product known as "Invigorate." (Fourth Am. Compl. at ^22). Defendant Paramoumt is the owner and operator of a health and fitness facility that allegedly sold the product to a Connecticut resident, who, upon returning to Connecticut, passed the product along to Hayes while the two were drinking at a bar. (Fourth *An-].* Compl. at 1)15-23).

On August 9, 2000, Ralph K. Hayes, Administrator of the Estate of Andrew W. Hayes ("plaintiff), commenced a lawsuit against Invigorate International, hie. ("Invigorate"), the manufacturer of Invigorate, and Cabot Industries LLC ("Cabot"), the intermediate distributor of the product, in the United States District Court for the District for Connecticut. (D. Conn. Doc. No. 1). On April 6, 2001, plaintiff filed for leave to join Paramount as a party defendant' (D. Conn. Doc. No. 9), which was granted, and shortly thereafter, on May 4, 2001, plaintiff filed an amended complaint naming Paramount (D. Conn. Doc. No. 10). As amended, the complaint asserts two claims against all defendants arising under the Connecticut Products Liability Act ("CPLA"), Conn. Gen. Stat. § 52-572m, *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-1 lOa, *et seq..* (Fourth Am. Compl.). The case was assigned to the Honorable Alvin W. Thompson.

On December 14, 2001, Paramount filed a motion to dismiss for lack of personal jurisdiction. (D. Conn. Doc. No. 18). Following a hearing, Judge Thompson denied that motion on June 18, 2002. (D. Conn. Doc. No. 34). On January 7, 2003, Judge Thompson granted leave to Paramount to re-file the motion to dismiss (D. Conn. Doc. No. 40), which Paramount did on February 12, 2003. (D. Conn. Doc. No. 42).

On September 23, 2003, following another hearing, Judge Thompson granted by order Paramount's motion

to dismiss because the "minimum contacts" requirement was not satisfied. (D. Conn. Doc. No. 53). On

October 24, 2003, plaintiff filed a motion to set aside the dismissal and a motion to transfer the case

pursuant to 28 U.S.C. §

1404(a). (D. Conn. Doc. No. 59). On February 5, 2004, Judge Thompson signed an order granting plaintiffs motion to set aside the dismissal. (D. Conn. Doc. No. 67) (entered July 9, 2004). In so doing, Judge Thompson vacated the September 23, 2003 Order and denied Paramount's motion to dismiss. (Id.).

The case was transferred to this Court on April 8, 2004. (D. Conn. Doc. No. 78). On May 7, 2004, Paramount filed a Motion to Dismiss Plaintiffs Fourth Amended Complaint (hereafter referred to as the "motion to dismiss") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (E.D. Pa. Doc. No. 3). Plaintiff filed a Memorandum of Law in Opposition to Paramount's Motion to Dismiss (hereafter referred to as the "memorandum in opposition") on June 28, 2004. (E.D. Pa. Doc. No. 17). Paramount filed a Reply Brief to the Plaintiffs Memorandum in Opposition (hereafter referred to as the "reply brief) on September 10, 2004. (E.D. Pa. Doc. No. 17,22).

Oral argument was heard on the motion to dismiss on September 10, 2004. **III.   DISCUSSION**

In its motion to dismiss, Paramount asserts that Count I of the complaint, which alleges a claim under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-572m, *et seq.,* is barred by the applicable statute of limitations. (Mot. to Dismiss at 4). Paramount further asserts that Count II of the complaint, which asserts a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-1 lOa, *el seq.,* is barred by the exclusivity provision of CPLA. (Id. at 6). However, before reaching the merits of Paramount's arguments in favor of its motion to dismiss, this Court must first determine whether Paramount was procedurally permitted to bring its Rule 12(b)(6) motion in the first place. (Pl. Mem. in Opp'n to

Mot. to Dismiss at 7).

**A.  Paramount may bring a Rule 12(b)(6) motion at this stage in the proceedings, although it failed to raise this defense with its prior Rule 12(b)(2) motion.**

Plaintiff argues that the Rule 12(b)(6) motion is procedurally improper. (Pl. Mem. in Opp'n to Mot. to Dismiss at 7). Specifically, plaintiff argues that because Paramount did not raise its basis for the current Rule 12(b)(6) motion in its February 12, 2003 Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Paramount cannot now assert new grounds seeking dismissal under Rule 12(b)(6) by filing a second, pre-answer motion. (Id.). This Court rejects plaintiffs argument.

Pursuant to the Federal Rules of Civil Procedure, the defense of failure to state a claim need not be raised with other Rule 12(b) motions prior to a responsive pleading. See Fed. R. Civ. P. 12(g) ("party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision h(2) hereof on any of the grounds there stated"). Instead, the defense of failure to state a claim is preserved until the completion of trial, subject to the requirements of Rule 12(h)(2). Id. Rule 12(h)(2) limits the stages at which a party may raise the defense of failure to state a claim. Id. These three stages include a "pleading permitted or ordered under Rule 7(a), by motion for judgment on the pleadings, or at the trial on the merits." Id,

It is indisputable that Paramount's defense of failure to state a claim was brought prior to the occurrence of the three permissible procedural stages outlined in Rule 12(h)(2). Despite the technical wording of the rule, however, courts have not required a defendant who seeks to raise the defense of failure to state a claim to wait until one of the enumerated stages; instead, courts

pen-nit this defense to be raised by way of a successive Rule 12(b)(6) motion. See, e.g., Penn-Mont Benefit Serv., Inc. v. Crosswhite. 2003 WL 203570, at *5-6 (E.D. Pa. Jan. 29, 2003) (resolving defense of failure to state claim through motion to dismiss when basis for motion had not been asserted in defendants' first motion to dismiss for improper venue); see also Coleman v. Pension Ben. Guar. Corp.. 196 F.R.D. 193, 196-197 (D.D.C. 2000). These courts reason that because the defense of failure to state a claim is preserved, delaying resolution of a successive Rule 12(b)(6) motion to dismiss that is ripe for adjudication generates an unnecessary waste of time and expense. See, e.g., hi re Westinghouse Securities Litigation, 1998 WL 119554, at *6 (W.D. Pa. March 12, 1998) ("there is simply no reason to put the defendant to the time and expense of filing an answer, or both defendant and plaintiff to the time and expense of addressing an issue to be raised later in a motion for judgment on the pleadings, when that issue can easily be resolved now"). Resolution of such a motion prior to the stages identified in Rule 12(h)(2) also comports with the mandate to construe and implement the Federal Rules of Civil Procedure in order to arrive at a "just, speedy, and inexpensive determination . . ." Fed. R. Civ. P. 1. Moreover, there is nothing to indicate in this particular case that AFB is seeking to delay litigation or to inconvenience the plaintiff by filing a successive Rule 12(b) motion. See, e.g., Fed. Express Corp. v. United States Postal Serv.. 40 F.Supp.2d 943, 948-949 (W.D. Term. 1999) (looking to defendant's intent and effect on litigation in determining whether to reach the merits of successive Rule 12(b) motion). Because Paramount's motion to dismiss is ripe for adjudication, and in the absence of bad faith, this Court will address the merits of Paramount's Rule 12(b)(6) motion to dismiss. See Crosswhite, 2003 WL 203570, at *6 (resolving motion to dismiss prior to Rule 12(h)(2) stages because ripe for adjudication).

**B.    Standard for a Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion may be granted only when it clearly appears that a plaintiff can prove no set of facts in support of the claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. City of Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating Paramount's motion, this Court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colbum v. Upper Darby Township. 838 F.2d 663, 665-66 (3d Cir. 1988).

Applying the appropriate standard, this Court will deny Paramount's motion to dismiss Count I (CPLA claim) of the complaint and grant Paramount's motion to dismiss Count II (CUPLA claim) of the complaint.

**1.    Plaintiffs claim nnder CPLA is subject to Connecticut's three-year statute of limitations, and, thus, is not time-barred.**

This litigation was transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).' An order transferring venue pursuant to section 1404(a) requires that the transferee court apply the choice of law provisions of the transferor court, regardless of who initiates the transfer. See, e.g., Ferens v. John Deere Co.. 494 U.S. 516, 519 (1990) (plaintiffs transfer of venue pursuant to section 1404(a) requires application of choice of law rules of transferor court in diversity case). The application of this rule to plaintiffs who initiate a section 1404(a) transfer serves many important policy considerations, such as protecting the state-law

'The text of section 1404(a) reads: "For the convenience of parties and witnesses, in Ihe interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a).

advantages that accrue to litigants, preventing defendants from exploiting convenience notions to alter the outcome of litigation, promoting judicial economy, and ensuring that section 1404(a) transfers turn upon principles of convenience rather than of prejudice. Id, at 524-534.

Under a traditional section 1404(a) analysis, plaintiffs CPLA claim would survive. This analysis is straightforward, hi cases predicated upon diversity jurisdiction, a federal court must apply the choice of law rules of the forum state. See Int'l. Bus. Mach. Corp. v. Liberty Mutual his. Co., 363 F.3d 137, 143 (2d Cir. 2004). The application of Connecticut's choice of law rules to product liability claims under Connecticut law results in the application of Connecticut's statute of limitations. See, e.g., Baxter v. Stun-n, Ruger and Company, Inc.. 644 A.2d 1297, 1299 (Conn. 1994) (Connecticut statute of limitations are procedural and govern claims asserted in federal diversity cases in Connecticut unless cause of action not recognized at common law); see also Feldt v. Sturm, Ruger & Co.. 721 F.Supp. 403, 406 (D.Conn. 1989) ("Under Connecticut law statutes of limitations are considered 'procedural,' and thus Connecticut's own statutes of limitations usually govern all claims asserted in diversity cases.").[2] For product liability claims under Connecticut law, the statute of limitations is three years. See Conn. Gen. Stat. § 52-577a (three-year limitation period from date injury is sustained or should have been discovered). Because Count I of plaintiff s amended complaint was filed against Paramount on May 4, 2001, and, thus, within three years from the death of Andrew Hayes on April 4, 1999, plaintiffs CPLA claim against Paramount must be allowed to proceed.

Paramount challenges this traditional section 1404(a) analysis. The cornerstone of

Product liability claims were recognized under Connecticut common law. Sec e.g. Winslow v. Lewis-Shepard, Inc., 562 A.2d 517, 518 (Conn. 1989) (recognizing existence of common-law claims of product liability).

Paramount's argument is that the United States District Court for the District of Connecticut lacked

personal jurisdiction over Paramount. (Rpl. Br. in Support of Mot. to Dismiss at 4). As such, constitutional

due process requirements and policy considerations, as outlined m Erie R. Co. v. Tompkins, 204 U.S. 64

(1938), such as the need to avoid forum shopping and to preserve principles of federalism, require this

Court to apply its own choice of law rules, rather than the choice of law rules of the transferor court. See,

e.g., Ferens. 494 U.S. at 524 (considering Ene policy considerations in determining whether to apply

transferor court's choice of law rules when plaintiff initiates section 1404(a) transfer); see also Ellis v.

Great Southwestern Corp.. 646 F.2d 1099, 1110-1111 (5th Cir. 1981) (reasoning that plaintiff should not be

entitled to take advantage of choice of law provisions of forum court by filing and then transferring case

pursuant to section 1404(a) when forum court lacks personal jurisdiction over defendant). According to

Paramount, application of this Court's procedural choice of law rules requires application of Pennsylvania's

borrowing statute, 42 Pa. Cons. Stat. Ann. § 5521(b),[3] which in turn, requires application of Pennsylvania's

two-year statute of limitation period for personal injury claims. 42 Pa. Cons. Stat. Ann. § 5524(2) (two-

year limitation period for death of individual); see, e.g., Unisys Finance Corp. v. US Vision. Inc., 630 A.2d

55, 58 (Pa. 1993) ("long standing rule of Pennsylvania is that the law of the forum determines the time

within which a cause of action shall be commenced"). Consequently, because plaintiffs amended complaint

naming Paramount was filed on May 4, 2001, more than two years after the date the claim accrued on April

4, 1999,

---

^he text of section 552 l(b) reads as follows: "The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 Pa. Cons. Stat. Ann. § 552 l(b).

plaintiffs claim must be dismissed.[4]

Paramount's argument that the United Stated District Court for the District of Connecticut lacked personal jurisdiction over Paramount ignores the procedural history of this case, and, in so doing, mis-characterizes the law of the case. See, e_g,, Devex Corp. v. General Motors Corp., 857 F.2d 197, 199 (3d Cir. 1988) ("when a court decides upon rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation") (internal citations omitted). Although Judge Thompson initially granted defendant's motion to dismiss for lack of personal jurisdiction, that order was later vacated and denied. (D. Conn. Doc. No. 67). By denying Paramount's motion, the Court concluded that it had personal jurisdiction over the defendants, and that a transfer of venue pursuant to section 1404(a) was appropriate.[5]

This Court will not revisit Judge Thompson's decision. See, e.g. United Artists Theatre Circuit, Inc. v. Township ofWarrington, 316 F.3d 392, 397-398 (3d Cir. 2003) ("Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly

Plaintiff argues in the alternative that, if Pennsylvania's two-year limitation period applies, plaintiffs complaint was timely because the amended complaint was filed within two years of the date of plaintiff s qualification and appointment as the Administrator of the Hayes estate and/or because Pennsylvania's discovery rule tolled the statute of limitations period until March 2000, the date plaintiff reasonably should have discovered the cause of the injury. (PI. Mem. in Opp'n to Def. Mot. to Dismiss, at 14-20). At the very least, plaintiff contends that the question of when the statute of limitations period started to run is a factual question that requires resolution by the trier of fact. (Id. at 21). Because this Court agrees with plaintiffs contention that Connecticut law applies to the CPLA claim, this Court will not address the merits of plaintiffs alternative arguments.

"At oral argument, Paramount disputed this procedural fact. Instead, Paramount asserted: (i) that the Connecticut district court did not make a finding of personal jurisdiction; and (ii) that the Connecticut district court's September 23, 2003 Order finding no personal jurisdiction, although vacated, was still the law of the case. (Oral Arg. Transcript at 12-13). As stated herein, these arguments are factually and legally incorrect.

resolved an issue or necessarily resolved it by implication."). Paramount fails to provide any authority permitting a transferee court, by way of a successive Rule 12(b)(6) motion, to review and then vacate a transferor court's denial of a Rule 12(b)(2) motion. See, e_g,, Wright v. Cayan, 817 F.2d 999, 1002 n.3 (2nd Cir. 1987) (acknowledging "general practice of refusing to open what has been decided"). Nor has Paramount provided evidence in its Rule 12(b)(6) motion demonstrating why Judge Thompson acted erroneously in finding personal jurisdiction over Paramount. If discontent, Paramount should have challenged the February 5, 2004 Order dismissing Paramount's Rule 12(b)(2) motion by filing and serving a motion for reconsideration within ten days of the initial order, rather than seeking to circumvent Judge Thompson's personal jurisdiction determination through a subsequent Rule 12(b)(6) motion before this Court. See e.g. Chrysler Credit Corp. v. Country Chrysler Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) ("traditional principles of the law of the case counsel against the transferee reevaluating the rulings of the transferor court, including its transfer order"). Accordingly, because Judge Thompson concluded that personal jurisdiction lies within the District of Connecticut, this Court holds that Connecticut's three-year statute of limitation applies and that plaintiffs CPLA claim is not time-barred.[6]

### 2.   Plaintiffs CUTPA claim fails to state a valid claim upon which relief can be granted.

Paramount contends that Count II (CUTPA claim) of plaintiff s complaint is barred by

---

[6] Because this opinion is based upon Judge Thompson's February 5, 2004 Order that the United States District Court for the District of Connecticut had personal jurisdiction over Paramount, this Court expresses no opinion as to whether a transferee court must apply the choice of law rules of the transferor court pursuant to a section 1404(a) transfer, when the transferor court lacks personal jurisdiction and the plaintiff initiates the transfer.

10

the exclusivity provision ofCPLA. Both parties agree that CPLA contains an exclusivity provision. Conn.

Gen. Stat. § 52-572n(a). Pursuant to section 52-572n(a) of CPLA, a "product liability claim . . . shall be in

lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty,

for harm caused by a product." Id.[7] The Connecticut Supreme Court has interpreted this exclusivity

provision in the following manner:

> [T]he language of the exclusively provision makes clear that the product liability act was intended to serve as the exclusive remedy for a party who seeks recompense for those injuries caused by a product defect. . . [However.] although the product liability act serves as the exclusive remedy for claims falling within its scope, other claims, such as one under CUTPA, which fall outside the scope of the product liability act, are not barred.

Gerrity v. R.J. Reynolds Tobacco Co., 818 A.2d 769, 773 (Conn. 2003).

When a CUTPA claim does not seek a traditional tort remedy for injuries caused by a defective

product, such as personal injury, death, or property damage, it falls outside the scope of CPLA and may

proceed in conjunction with a CPLA claim. See id. For instance, in Gerrity, the estate of a decedent who

died of lung cancer brought an action against several tobacco companies under CPLA and CUTPA due to

the allegedly negligent design, manufacture, and distribution of defective cigarette products. Id. at 772.

The Supreme Court of Connecticut permitted the CUTPA action to proceed because the "plaintiff alleged

that the decedent was forced to pay a higher price for the defendants' cigarettes than she would have had to

pay in the absence of the

---

[7] A "product liability claim" is defined to include "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." Conn. Gen. Stat. § 52-572m(b). Furthermore, "harm" is defined as follows: "[D]amage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, 'harm' does not include commercial loss." Id. §52-572m(d).

## z\

iqSnos AlUOjjiHiiftd SB 'u-irep ^qiqBq pnpo.id *v, ^/\[^.i* ui,, SBAY VdiftO asn-eosq mrep
VdirD ^l'-^1^ °^ "onou-i SumnuS) (EOOZ; 'I ^ '0 'Pdns •''-103) ^ IE 'ZM9IZ-IZ 1M £OOZ ••oiq '-03 Aqspc-ig ^

qoi.i3i[iF-i -A scares 335 'spnpo-id 3Aip3j3p Aq p3sni30 ULreq -ioj S3ip3Ui3.i HO] (Euonipe-n 3m jo 3pis^no

s3§^iirep OILUOU003 ^33S }ureidaio3 sjjnure(d ssop .ioj^

"(8^"'SI^ ^ 'idluoQ •arv UVnoj) -iiLreii ^qi LLIO-IJ p3M.O[j -i^q} S3§T!u.rcp
aqi uo pire '3^-iogiAiq /Cq p3STOO /;[p9§sn^ atreq ^oisAqd aqi uo Xp^nbs snooj }ure[dLUOo aqi jo suo[^§3U^

p9^pj-/jnrui sql 'p^SLq •(3§i3urep Xusdo-id ssmmsuoo e^p pa-io^s Xi^oluojiosp jo sso[ -raqpA\ *0J* SB uonssnb

[^np^j ssrooaq airep v^d^ Ql sAnTUJS^^ UT airep VcIlHO P^B'^I^d

oijjnure[d §umiu.u9d) (^QOZ '91 I^V '0 '^^S -^03) I* ^ 'I9l£96nM £OOZ '•qo^N •sng •[^iq •A oiiuB-iQ osp
33S "pi -ssonoBjd sp^j'i 9Aud903p o"i paiBpJ S3SSOI ^lojsuimoo *10* /Lmfm (moireutj SB qons 'Vdin3 01
snbiun sso^ Airc 3§9n^ 01 SITCJ ^ure^dmoo sjjnure^d 'a-iou-usqunj •(pnpojdjo g-inpiynirem *puv* 'guip^^m
'§uns9^ 'ugtssp lusgqSau *sv* qons 'mrep /<iqtq^T{ pnpojd

^oj a^otps-id [BnpBj LUOJJ ssg^urep s->[33S Jsn^i asn^osq mrep VdinD siu9AO§ VT[d[3) *W^ V^* p^-ddng-
j oi£ '-tsidooqaH iss/^ ureiuno^ 93 § "3l^o§iALqjo gmp^Bm pUB 'a^s '§uns9i 'Li§TS3p

'3-inpBjnireiu jsdo-iduiT aqi *'yip A^W* 'guipHpui 'airep V^d^ ^ -^IO^J s^otps-id '[BHPBJ 3q^ uo paseq si
aitBp Vdia3 sjJH"n'ld 'Aimao s^iiun 'SZ.Z. ^ prv 818 'MI-USD «"Vldn3J° saqo-i aqt ui psssajp aire[o pB
/^qiq^q pnpo-id,, •B si lure^duloo pspuaure sjjunreidjo n ^^03

•(alBSusdiuoo 01 pspus^ui si v^d^ q^^lAv .ioj s3§Barep saSsuB jjnureid jsqpq/A pLrcjjniiiB[d *0J* A-infut
ui p9i(ns9J pnpo-idjo s^s -laqiaqM SJB Aii-uao japun sgmnbin aApisodsip) (WOZ '1-0103 •Q) ^ '5^7 p^-
ddng-j oi£ "djo3 go^dso-ray ircuiB^ •A jaiodoqaH isa^ ureiuno]/\[

osii gas .'•pj •iurep v^d^ ^q^ ^o-H P"'!isip uoip^ VdinO ^'-ft 9p^i.u sso( [BpLreuyjo uoi^gan^ ^ql *'9L-^LL vz*
•p! ./s^TOpusjsp sq^ Aq ui p3§B§U9 Aip9§9[[B pnpuoojo ssjnoo (njguojM.

traditional damages for personal injuries caused by allegedly defective bat and ball). In fact, both counts of the complaint seek identical relief in the form of compensatory damages, punitive damages, and attorneys fees, all of which are available through and subsumed under CPLA. See Conn. Gen. Stat. § 52-555 (permitting recovery of "just damages" and costs of medical, hospital, and funeral expenses in all actions brought by administrator for injuries resulting in death); Id. § 52-240a (court may award attorneys fees to prevailing party in products liability case if claim or defense is frivolous); Id. § 52-240b (permitting punitive damages for harm caused by product seller's reckless disregard for safety of user). Even assuming, as plaintiff argues, that the recovery of punitive damages from a defective product is distinct from the recovery of punitive damages from deceptive trade practices for purposes of a Gerrity analysis, plaintiffs complaint still fails to allege injuries that fall outside of the "harm" for which CPLA was meant to compensate. See Fiorentino v. A to Z Rental Center, Inc.. 2003 WL 22480973, at *3-4 (Conn. Super. Ct. Oct. 16, 2003) (permitting CUTPA claim to proceed only because plaintiff alleged economic injuries stemming from the defendant's trade practices, namely the rental of equipment with defects due to improper inspection and misrepresentation of safety of scaffolding).

Applying the principles of Gerrity, the plaintiffs CUTPA cause of action is exclusively governed by CPLA, and, therefore, it must be dismissed as a matter of law. **IV.   CONCLUSION**

Accordingly, this Court denies Paramount's Motion to Dismiss Plaintiffs Fourth Amended Complaint as to Count I and grants Paramount's Motion to Dismiss Plaintiffs Fourth Amended Complaint as to Count II. An appropriate Order follows.

13

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RALPH K. HAYES, Administrator of          :          CIVIL ACTION the ESTATE OF
ANDREW W. HAYES    :

INVIGORATE INTERNATIONAL,
INC., et al.
                                                                N0.04-1577

## ORDER

          AND NOW, this 24th day of September 2004, after a hearing on the merits with counsel

for all parties, and upon full consideration of Defendant Paramount Health & Fitness, mc.'s ("Paramount")

Motion Dismiss Plaintiffs Fourth Amended Complaint (Doc. No. 4), Plaintiffs Memorandum of Law in

Opposition to Defendant Paramount's Motion to Dismiss (Doc. No. 17), and Paramount's Reply Brief to

the Plaintiffs Memorandum in Opposition to Paramount's Motion to Dismiss (Doc. No. 22), it hereby

ORDERED that Paramount's Motion to Dismiss is DENIED as to Count I of Plaintiff s Fourth Amended

Complaint and GRANTED as to Count II of Plaintiff s Fourth Amended Complaint.

                                        BY THE COURT:

                                        Legrome D. Davis, J.