UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANDREW W. HAYES, ADMINISTRATOR, RALPH K. HAYES<br><br>Plaintiff,<br><br>vs.<br><br>INVIGORATE INTERNATIONAL, INC., CABOT INDUSTRIES, L.L.C., PARAMOUNT HEALTH & FITNESS, INC., JBN ENTER-PRISES, INC., JNG SPORTS SUPPLEMENT DISTRIBUTOR, INC.<br>Defendants. | CIVIL NO.<br>3:00 CV 1504 (AWT)<br><br><br><br><br><br><br>November 15, 2004 |

REPLY TO OPPOSITION TO MOTION FOR ARTICULATION/
CLARIFICATION OF COURT'S FEBRUARY 9, 2004 ORDER

Contrary to the plaintiff's opposition papers, defendant Paramount is not seeking to re-litigate this Court's Order dated February 9, 2004. Rather, Paramount requests that this Court clarify its prior Order by articulating the reasons for vacating its prior ruling granting defendant Paramount's Motion to Dismiss for Lack of Personal Jurisdiction.

This case is readily distinguishable from Toliver v. County of Sullivan, 957 F.2d 47 (1992) and the reasoning of that case does not apply to the instant action. The proposition that a district court may not rule on a Rule 60(b) motion after an

appeal is taken unless the moving party obtains permission from the Appellate Court rests on the final judgment rule. The logic of the final judgment rule does not apply, where as here, the case was transferred to another district.

Furthermore, the Court is not being requested to change its Order but instead to explain its original intent in vacating the endorsement order of September 23, 2003 granting Paramount's motion to dismiss. See, Panamount Processes, S.A. v. City's Service Co., 789 F.2d 991 (2d Cir. 1986) (holding that the district court may amend a consent order and judgment pursuant to Rule 60(a) after it has been affirmed on appeal). A Fifth Circuit Court held in In Re Galiardi, 745 F.2d 335 (5th Cir. 1984) that a district court was without power to grant a Rule 60(a) motion to specify the basis for a transfer order two years after the transfer. In Continental Shipping Corporation Ltd v. Telfair International Corp., 1990 WL 66488 (S.D.N.Y.), the Court rejected the Fifth Circuit's reasoning in Galiardi, and applied the "sounder and more binding authority" in Panamount Processes, S.A. v. City Service Co., supra. Since Paramount is seeking clarification as to the original intent of the Court, the clarification is permissible under Rule 60(a). See, Truskoski v. ESPN, 60 F.3d 74 (2d Cir. 1995).

If, and to the extent that the requested clarification is deemed to fall within

the scope of Rule 60(b) rather than 60(a), Rule 60(b) expressly permits such a motion to be made within one year of the Order. The plaintiff's arguments that Paramount's Motion for Articulation/Clarification under Rule 60 is procedurally improper lacks merit.

>RESPECTFULLY SUBMITTED
>Defendant Paramount Health &
>Fitness, Inc.
>
>
>__//s//_____
>Warren L. Holcomb, Esquire
>Fed. I.D. #13127
>Berchem, Moses & Devlin, P.C.
>75 Broad Street
>Milford, CT  06460
>(203) 783-1200
>wholcomb@bmdlaw.com

Of Counsel:

William T. Salzer, Esquire
SWARTZ CAMPBELL LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103
215-564-5190
Attorneys for Defendant, Paramount Health & Fitness, Inc.